WILLIAM T. McADAMS, D/B/A McADAMS BROTHERS v. ALTON D. MOSER
AND WIFE, CARLEEN F. MOSER

No. 7815SC466

(Filed 17 April 1979)

**1. Evidence § 31— contracting job—notebooks containing facts and figures—best evidence rule inapplicable**

In an action to recover for the cost of laying water and sewer pipes on defendants' land, plaintiff was not required, pursuant to the best evidence rule, to produce notebooks in which he had kept track of the number of men on the job, the footage of pipe used, the number of hours spent grading, and other facts rather than testifying to the facts himself, since the best evidence rule requires the production of a document only where the contents or terms of the document are in question, but here facts about plaintiff's work which were within plaintiff's own knowledge were in issue, not the contents of the notebook.

**2. Customs and Usages § 1— contracting business—"cut sheets"—contract silent —evidence of custom admissible**

In an action to recover for the cost of laying water and sewer pipes on defendants' land, the trial court did not err in permitting plaintiff to testify that it was the custom in the contracting business for "cut sheets" to be furnished and paid for by the owner of the land, not the contractor, since this action involved an oral contract, and the challenged testimony was admissible to prove a matter upon which the contract was silent.

**3. Contracts § 27.3— amount owing on contract—sufficiency of evidence**

In an action to recover for the cost of laying water and sewer pipes on defendants' land, evidence was sufficient to be submitted to the jury, though plaintiff testified from his memory, where plaintiff's evidence showed that he submitted to defendants a detailed bill for parts and labor.

**4. Trial § 42.1— amount of recovery—no compromise verdict**

In an action to recover for the cost of laying water and sewer pipes on defendants' land, the fact that the jury awarded plaintiff a sum greater than that which defendants claimed was due and less than that which plaintiff claimed was due did not require that the verdict be set aside as a compromise verdict, since it was the function of the jury to determine from the evidence which services and materials defendants requested after the making of the parties' oral agreement, and the prices plaintiff charged for them.

APPEAL by defendants from *McKinnon, Judge*. Judgment entered 20 October 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 28 February 1979.

Plaintiff and defendants entered into an agreement whereby plaintiff was to lay water and sewer pipes on defendants' land.

According to plaintiff's allegations, the terms of the agreement provided that he was to be fully compensated for the materials and services he provided. Defendants aver that the parties agreed that the total cost of the materials and work would not exceed $44,000.

Plaintiff testified that under the agreement he was to be paid $44,000-$46,000, plus the cost of rock work. Subsequent to the making of the agreement, defendants requested that he perform additional services, including grading two lots of almost solid rock; installing a force main on the other side of the highway and close beside another main, making the work more difficult; pumping out septic tanks; extending the lines underneath trailers, where the digging had to be done by hand; installing home connections and P traps; laying 146 feet of storm drainpipe; and installing a ten-foot manhole and a catch basin and grate. The job also took more pipe than had been anticipated and included in the agreement. Plaintiff testified that the value of the services he provided was "[s]omething over sixty-six thousand dollars." (He had submitted a bill for $66,885.)

> I did not notify Mr. Moser that I was getting way above and away from that forty-four to forty-six thousand ($44,000 to $46,000.00) until he wanted me to put those home connections in and I said, 'That's going to run more and I just ain't going to do it', and he said, 'Well, it's got to be done', and I said, 'All right', and then I agreed to go on and do it but he never asked me what it was going to cost extra. . . . [E]very time he come out and wanted me to do something extra I went on and done it and never turned a word about nothing. . . .

> As I went along I knew it was running up here and I never told him although he and I discussed the fact that he couldn't pay forty-four to forty-six thousand dollars ($44,000 to $46,000) and I never told him anything about it.

Defendants have paid a total of $33,601.81.

Defendant testified that the original agreement was that the complete job would cost $40,000; his "understanding of the agreement with Mr. McAdams was that the forty thousand dollars ($40,000.00) was to include everything it took to do the job with

and his labor. In other words, it was a complete job according to the plans." The only changes he was aware of were some extra pipe plaintiff ordered for him for the future, and for which he paid extra, some drainage pipe put in a ditch, and a catch basin and grates. The grading occurred because plaintiff "told me that he was going to need some dirt to fill in over the pipe and I told him that right there on that bank he could get all the dirt he wanted, that I wanted to grade it down anyway." When it looked like the job was going to run over $40,000, he asked plaintiff, "Will it run over forty-four thousand?" and plaintiff said, " 'Oh, no definitely not over forty-four thousand.' "

Defendants' motion for directed verdict was denied. The jury found that the parties agreed that the cost of the work was not to exceed $44,000; that defendants thereafter asked plaintiff to provide materials and work which were in addition to those included in the agreement; and that defendants owe plaintiff a balance of $20,661. Defendants' motions for judgment notwithstanding the verdict and new trial were denied. Defendants appeal.

*Coleman, Bernholz & Dickerson, by Douglas Hargrave, for plaintiff appellee.*

*Sanders, Holt, Spencer & Longest, by Emerson T. Sanders and James C. Spencer, Jr., for defendant appellants.*

ARNOLD, Judge.

[1] Relying on the "best evidence rule," defendants argue that part of the plaintiff's testimony was improperly admitted. This reliance is misplaced. Plaintiff was allowed to testify, over objection, to the number of men he probably used on the job, the actual footage of pipe used, and the number of hours spent grading. These facts, and others, had been recorded by plaintiff in small notebooks as the job progressed, and after the bill was prepared the notebooks were thrown away. Defendants contend that plaintiff should have been required to produce the notebooks where plaintiff kept track of these figures, rather than testifying to the facts himself. The "best evidence rule," however, requires the production of a document "only where the *contents* or *terms* of [the] document are in question." 2 Stansbury's N.C. Evidence § 191 at 103 (Brandis Rev. 1973). Here not the contents of the notebooks, but facts about plaintiff's work which were within

plaintiff's own knowledge are in issue. "[I]f a fact has an existence independent of the terms of any writing [as is the case here], the best evidence rule does not prevent proof of such fact by the oral testimony of a witness having knowledge of it. . . ." *Id.*, n. 24. *See also Whitehurst v. Padgett*, 157 N.C. 425, 73 S.E. 240 (1911).

[2]   Defendants also assign error to the admission of plaintiff's testimony that it is the custom in the contracting business for "cut sheets" to be furnished and paid for by the owner of the land, not the contractor. Defendants argue that such evidence would not be admissible to add a new element to a contract. Defendants rely on *Lewis v. Salem Academy & College*, 23 N.C. App. 122, 208 S.E. 2d 404, *cert. denied* 286 N.C. 336, 210 S.E. 2d 58 (1974), for this proposition, but that case is not on point. The court in *Lewis* had before it an express written contract, the terms of which plaintiff attempted to contradict by evidence of the "usual and customary practice" of Salem College. Here we are concerned with an oral contract, and there is no evidence that "cut sheets" were considered by the parties at the time the contract was made. (Defendant testified that after he "thought everything was settled," plaintiff "came up one day and said we were going to have to have some cut sheets before he could start work. I didn't know what he was talking about.") This Court in *Lewis* quoted 55 Am. Jur., Usages & Customs § 31 at 292, for the proposition that "[a] custom or usage may be proved . . . to annex incidents to the contract in matters upon which it is silent." *Lewis v. Salem Academy & College, supra* at 128, 208 S.E. 2d at 408. We believe that the challenged testimony here was admissible to prove a matter upon which the contract is silent.

[3]   Error is also assigned by defendants to the denial of their motions for directed verdict or judgment notwithstanding the verdict. On such motions the evidence is to be taken as true and considered in the light most favorable to the plaintiff, *Farmer v. Chaney*, 292 N.C. 451, 233 S.E. 2d 582 (1977), and the motion should not be allowed unless it appears as a matter of law that plaintiff cannot recover upon any view of the facts which the evidence reasonably tends to establish. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). Defendants argue that the plaintiff's evidence was too speculative to go to the jury, since he relied upon his memory rather than written records in testifying to the value of his services. The plaintiff's

evidence showed, however, that he submitted a final bill for $66,885 and that he installed 4700 feet of force main at $4.00 per foot, 3060 feet of 4-inch sewer pipe at $4.50 per foot, a lift station for $8700, 27 P-traps at $125 each, 146 feet of storm drainpipe at $8.00 per foot, a manhole for $650, and a catch basin and grate for $100. There was equally specific evidence of other charges. This assignment of error is untenable.

[4] We likewise find no error in the denial of defendants' motion for a new trial, though defendants argue that the damage award was a compromise verdict which should have been set aside. The trial court charged the jury that if they accepted plaintiff's view of the contract they should award him the reasonable value of his materials and services, while if they accepted defendants' view they should not award plaintiff more than the balance unpaid on $44,000. The jury determined that defendants requested plaintiff to provide materials and services in addition to those included in the agreement, and awarded plaintiff $20,661. This amount comports neither with defendants' contention of $9,165.60 due to the plaintiff nor plaintiff's contention of $33,283.13 due him, but it need not be set aside as a compromise verdict simply on that basis. There was much testimony as to which materials and services allegedly were requested after the making of the agreement, and the prices plaintiff charged for them. It was the function of the jury to determine which of those materials and services actually were outside the agreement, and how much was due plaintiff for them. The jury has performed this function, and there is no basis for setting the verdict aside.

We find no error in the trial court's charge to the jury, or in the other assignments of error defendants bring forward. While the evidence here may not compel the verdict reached, the jury has made its decision, and we can find

No error.

Chief Judge MORRIS and Judge CLARK concur.