RICHARD T. SMITH, RESPONDENT, v. EDWARD A. RYAN, APPELLANT.

Submitted October 16, 1931—Decided February 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-respondent, *Quinn, Parsons & Doremus.*

For the defendant-appellant, *Autenreith, Gannon & Wortendyke.*

PER CURIAM.

Plaintiff sued in a negligence action for alleged damage to his motor boat and personal property thereon resulting from a collision with another motor boat owned and operated by the defendant. The jury awarded a verdict in favor of the plaintiff for $1,200, and from the judgment entered thereon the defendant appeals. The defendant argues two points in his brief, and we assume that such grounds as are not included within the argued points are waived.

None of the grounds included within the argument are stated with such particularity as entitle them, under our cases, to be considered. *State* v. *Blaine,* 104 *N. J. L.* 325;

*Hintz* v. *Roberts,* 98 *Id.* 768. Nevertheless we have considered the points advanced and find no error therein.

The first point is that the trial court committed harmful error in admitting over objection a witness' estimate of the probable cost of repairing the plaintiff's boat. The only objection stated at the trial was that the measure of damage was the difference between the value before and after the collision and that an estimate was not evidential thereon. The witness was the proprietor of the Red Bank Yacht Works and a part of his business was the building and repairing of boats. His testimony disclosed that he had knowledge of the condition of the boat at and prior to the collision. He further testified to the details of the damage, for the repair of which his estimate was made. Undoubtedly the measure of damages was the difference between the value of the boat before and after the injury; but it has been held more than once that the cost of repairs is at least evidential on that point and consequently evidence of cost of repairs is legitimate. *Hintz* v. *Roberts, supra; Maurer* v. *Simon,* 4 *N. J. Mis. R.* 409; *Judge* v. *Starr,* 5 *Id.* 283.

The second point is that the trial court committed harmful error in permitting, over objection, plaintiff to read to the jury a list of certain articles of personal property, lost or damaged because of the collision, with the prices that he had paid for each of them. The objection at the trial was to the propounding of the question, and the ground stated was that the price paid for an article was not evidential as to the value of the article at the time of the accident. Witness was asked the further question: "Will you kindly refer to your list again and tell us approximately when you purchased each of those articles and for how long you used each and for what kind of use you employed them from the time of their purchase until the accident?" The witness gave the information thus requested. We consider that the question objected to, fortified by the testimony last recounted, was, as against the objection stated, admissible under the rule stated in *Teets* v. *Hahn,* 104 *N. J. L.* 357.

Judgment below will be affirmed.