UNITED STATES FIDELITY & GUARANTY COMPANY v. P. & F. MOTOR EXPRESS, INC.

(Filed 7 January, 1942.)

**1. Damages § 1—**

The measure of damages for·injury to personal property is the difference between the market value immediately before the injury and the market value immediately after the injury.

**2. Damages § 11—**

The cost of repairing an automobile after collision, although the amount of recovery is not limited to such cost, is some evidence to guide the jury in determining the difference in the market value of the automobile before and after the injury.

**3. Same—**

While an estimate of the cost of repairing an automobile may not be as convincing as the actual cost of repairs made, the difference relates to the weight rather than to the competency, and testimony by a qualified witness as to his estimate of the cost of repairs is competent.

**4. Trial § 19—**

The weight of evidence is for the jury; the admissibility of evidence is for the court.

STACY, C. J., took no part in the consideration or decision of this case.

BARNHILL, J., dissents.

APPEAL by defendant from *Hamilton, Special Judge,* at March Term, 1941, of MECKLENBURG.

This is an action to recover damages for injury to the Chevrolet automobile of the plaintiff resulting from a collision with the motor truck of the defendant, alleged to have been negligently caused by the defendant. The issues of negligence and of damage were answered in favor of the plaintiff, and from judgment predicated on the verdict the defendant appealed, assigning error.

*J. Laurence Jones for plaintiff, appellee.*
*Gover & Covington and Hugh L. Lobdell for defendant, appellant.*

SCHENCK, J. The sole exception appearing in the record is to the court's excluding certain testimony relative to the measure of damage. The following appears:

"L. G. Kelly, witness for the plaintiff, testified:

"I am foreman of the repair shop of City Chevrolet Company. I examined the automobile owned by United States Fidelity & Guaranty Company which was damaged in an accident on November 16, 1940, and made an estimate of the cost of repairing that car. The left rear door was bent, left rear quarter panel was bent, the left lower cowl was bent, the left door lock pillar was bent, the front door was bent, the left front fender and left rear fender were bent, the headlight rim and reflector were damaged, the left running board moulding was damaged, the right front wheel was bent and the front end was out of line. The left side would have to be repainted and refinished.

"Cross Examination.

"Q. Mr. Kelly, what did you estimate it would cost to repair the plaintiff's automobile?

"Plaintiff objects on ground that measure of damages is difference in value of the automobile before and after the collision. Sustained.

"Defendant excepts. This is defendant's

"Exception No. 1.

"If permitted to do so, the witness would have answered $82.56."

This exception poses the question: Is evidence of an estimate of the cost of repairing an injured automobile competent upon the issue of the measure of damage thereto?

It is a well settled rule with us, and in other jurisdictions, that the measure of damage for injury to personal property is the difference between the market value of the property immediately before the injury and the market value immediately after the injury. *DeLaney v. Henderson-Gilmer Co.,* 192 N. C., 647, 135 S. E., 791.

The authorities are in conflict upon whether the cost of repairing injured property is competent evidence of the difference between the market value before and after the injury. The authorities which have been brought to our attention are cases in which the repairs have been actually made and the amount paid therefor was sought to be shown in order to establish the difference in market value, and in these cases we find the weight of authority in favor of the admissibility of such evidence. However, in the case at bar the evidence offered was not of the actual cost paid for repairing, but of an estimate of the cost thereof. The estimate sought to be shown was that of the "foreman of the repair shop of the City Chevrolet Company," who "examined the automobile . . . which was damaged . . . and made an estimate of the cost of repairing that car." While evidence of such an estimate of the cost of repairs might not be as convincing as evidence of the cost of the actual repairs, we think this difference relates to the weight thereof rather than to its competency—and the weight of evidence is for the jury, while the admissibility of evidence is for the court. This thought was evidently in the mind of *Justice Allen* when he wrote: "The correct and safe rule is the difference between the value of the machine before and after its injury, and in estimating this difference it is proper for the jury to consider the cost and expenses of repairs . . ." *Farrall v. Garage Co.,* 179 N. C., 389, 102 S. E., 617.

While the recovery would by no means be limited to the amount of the cost of repairing the automobile, we are of the opinion that such cost would be some evidence to guide the jury in determining the difference in the market value of the automobile before and after the injury thereto.

The distinction between the proof of and the measure of damages is clearly made in *Hughes v. Wells,* 79 Atl., 1035 (N. J.); *Maurer v. Simon,* 133 Atl., 79 (N. J.); *Smith v. Ryan,* 158 Atl., 822 (N. J.). "Evidence of the reasonable value of repairs to a damaged automobile, to show the difference in its value before and after it was injured is admissible." *Baldwin v. Mittry,* 102 P. (2d), 643 (Idaho). "Evidence of the cost of repairs of the automobile was admissible as proof of the difference between the value of the automobile before the accident and after it occurred. This difference was the measure of damages that the plaintiff was entitled to recover." *Kiely v. Ragali,* 106 Atl., 502 (Conn.).

"While the general rule is that the measure of damages in respect of an injured automobile is the difference in its value immediately before and immediately after the injury, this measure may be established by showing the reasonable cost of necessary repairs to restore it to its previous condition." 5 Amer. Jur., Automobiles, par. 749, p. 906.

"In determining the depreciation in value of a motor vehicle as the result of an injury, the jury may take into consideration the reasonable

cost of the repairs made necessary thereby, and the reasonable market value of the vehicle as repaired." 42 C. J., par. 1177, p. 1297.

In excluding the evidence indicated there was error for which there must be a

New trial.

STACY, C. J., took no part in the consideration or decision of this case.

BARNHILL, J., dissents.