GEORGE S. HEATH v. DAVID F. MOSLEY AND EUNICE C. MOSLEY

No. 7426DC258

(Filed 17 April 1974)

1. **Damages § 4— damages for injury to personalty**
 The measure of damages for injury to personal property is the difference between its market value immediately before the injury and its market value immediately after the injury.

Heath v. Mosley

2. **Damages § 13— personalty — evidence of purchase price**

Whether or not evidence of the price previously paid for personal property is admissible on the question of market value immediately prior to its injury is dependent upon the circumstances of the individual case and subject to the discretion of the trial court.

3. **Damages § 13— personalty — evidence of purchase price**

Circumstances to be considered in determining the admissibility of evidence of the price previously paid for personal property include whether the sale was too remote in point of time, removal of the property to a different market place, intervening physical changes in the property, the relationship of the parties in the prior sale, the nature of the sale itself as being induced by other considerations than true market value, and any other factors which might affect the probative weight of such evidence.

4. **Damages § 13— personalty — exclusion of evidence of purchase price**

Where plaintiff purchased a boat by sealed bid at a government surplus sale 14 months before defendants damaged it, and plaintiff had removed the boat to his home where he and his son had done considerable improvement and repair work on it, the trial court properly refused to allow defendant to cross-examine plaintiff as to the purchase price of the boat either to show market value of the boat before it was damaged or to impeach plaintiff's opinion as to value.

Judge CAMPBELL dissenting.

APPEAL by defendants from *Johnson, Judge,* 22 October 1973 Session of District Court held in MECKLENBURG County.

This is an action to recover damages for injury to a boat owned by the plaintiff. The damage occurred on 15 November 1968 when a car owned by the defendant Eunice C. Mosley and operated by the defendant David F. Mosley collided with the stern of the boat which was parked in the driveway at plaintiff's home in Charlotte.

Evidence offered by plaintiff tended to show that he purchased a 26-foot diesel-powered work boat in September, 1967, from the United States Department of Defense at a government surplus or salvage sale in Charleston, South Carolina. The purchase was made upon a sealed bid. After the purchase plaintiff hauled the boat to Southport, North Carolina where it was tested in the water for three days and then brought to Charlotte. He unloaded the boat upon a wooden cradle he had built for it at the end of his driveway. From September 1967 to 15 November 1968, plaintiff and his son did intermittent work on the boat, cleaning the engine, installing batteries, sanding, stripping off the paint, and performing other minor repairs. Plaintiff testi-

Heath v. Mosley

fied that the collision on 15 November 1968 knocked his boat forward on the cradle on which it rested, breaking the rudder, pintle housing, stern post, gudgeon arm, gudgeon block, a garboard plank, and perhaps other parts. Without objection plaintiff estimated the fair market value of his boat at $3500.00 to $4000.00 immediately before the accident and at $600.00 immediately after the accident. He also estimated that the cost of materials to make proper repairs would be $1753.00

Defendants offered no evidence.

It was stipulated that the only issue to be submitted to the jury was: What amount is the plaintiff entitled to recover for damages to his personal property?

The jury answered the issue in favor of the plaintiff in an amount of $2000.00, and judgment was entered allowing a recovery from the defendants of $2000.00 for property damage.

From the entry of this judgment, defendants appealed.

*Parker Whedon for plaintiff appellee.*

*Carpenter, Golding, Crews & Meekins, by James P. Crews, for defendant appellants.*

BALEY, Judge.

Plaintiff purchased the boat which is the subject of this action at a government surplus sale fourteen months prior to the accident resulting in its damage. Upon cross-examination he was asked the price he had paid for his boat at this sale. The trial court sustained an objection to this testimony. If plaintiff had been permitted to answer, he would have testified that the price was $287.75 submitted in a sealed bid which was accepted by the government. The major assignment of error urged by defendants on appeal is the exclusion of this evidence. They contend that the amount of the purchase price was admissible as evidence of the market value of the boat before it was damaged and as impeachment of the opinion as to value given by the plaintiff in his testimony.

[1] The measure of damages for injury to personal property is the difference between its market value immediately before the injury and its market value immediately after the injury. *Givens v. Sellars*, 273 N.C. 44, 159 S.E. 2d 530; *Guaranty Co. v. Motor Express*, 220 N.C. 721, 18 S.E. 2d 116.

The legal definition for market value is:

"The market value of an article or piece of property is the price which it might be expected to bring if offered for sale in a fair market; not the price which might be obtained on a sale at public auction or a sale forced by the necessities of the owner, but such a price as would be fixed by negotiation and mutual agreement, after ample time to find a purchaser, as between a vendor who is willing (but not compelled) to sell and a purchaser who desires to buy but is not compelled to take the particular article or piece of property." Black's Law Dictionary 1123 (rev. 4th ed. 1968); *accord, R. R. v. Armfield,* 167 N.C. 464, 466, 83 S.E. 809, 810; *Brown v. Power Co.,* 140 N.C. 333, 52 S.E. 954.

[2] Whether or not evidence of the price previously paid for personal property is admissible on the question of market value immediately prior to its injury is dependent upon the circumstances of the individual case and subject to the discretion of the trial court. *Peele v. Hartsell,* 258 N.C. 680, 129 S.E. 2d 97; 22 Am. Jur. 2d, Damages, § 325.

[3] Circumstances to be considered in determining the admissibility of evidence of the price previously paid for personal property include whether the sale was too remote in point of time, the removal of the property to a different market place, intervening physical changes in the property, the relationship of the parties in the prior sale, the nature of the sale itself as being induced by other considerations than true market value, and any other factors which might affect the probative weight of such evidence.

[4] In this case plaintiff purchased his boat fourteen months prior to the accident at a government surplus property sale. Such a sale does not necessarily import true market value as the government is under some inducement to dispose of the property at whatever price it may obtain. After purchase plaintiff had removed his boat from Charleston to Southport, North Carolina, for testing and then to Charlotte where he and his son had been engaged in considerable improvement and repair work. The trial judge, in his discretion, might well have concluded that the purchase price paid by plaintiff was too remote in point of time and place, that there was a material change in the property itself, and that the circumstances of the sale were so different that evidence of the previous price paid would have

Heath v. Mosley

no probative weight with respect to the fair market value of the property at the time it was damaged. Having reached this conclusion that the evidence is not admissible for substantive purposes, it is clearly within the province of the trial court to prohibit its use for impeachment. In our view there is sufficient basis to justify the exercise of the discretion of the court in excluding this evidence, and this assignment of error is overruled.

Defendants also object to the introduction of evidence of the estimated cost of the materials for repairs made necessary by the injury. Such cost is competent as some evidence to guide the jury in determining the difference in the market value of the boat before and after the injury. *Guaranty Co. v. Motor Express, supra.*

We have considered the other assignments of error of defendants and find them without merit.

No error.

Judge HEDRICK concurs.

Judge CAMPBELL dissents.

Judge CAMBPELL dissenting.

This case presents the question as to whether or not certain evidence elicited by the defendants was competent, and, if so, whether the rejection thereof was prejudicial to the defendants.

Plaintiff was seeking to recover the difference between the fair market value of the boat before it was damaged by the negligence of the defendants and the fair market value thereof immediately after such damage.

The plaintiff purchased the boat from the United States Navy after having examined the boat at the Navy Yard in Charleston, South Carolina. The plaintiff presented a sealed bid pursuant to an open invitation to the public to place bids. The bid submitted by the plaintiff was accepted by the United States Government. The plaintiff was then asked as to what amount his bid was which had been accepted by the government. The question was objected to, and the trial court sustained the objection. If permitted to answer, the plaintiff would have answered $287.75.

---

Heath v. Mosley

---

Was the amount of this bid, which was the purchase price of the boat in question, competent evidence to be considered by the jury in order to enable the jury to ascertain what was the fair market value of the boat immediately prior to the damage done thereto by the defendants? In my opinion, this evidence was competent as being some evidence and relevant upon the material question to be determined by the jury.

This was the amount paid for the boat in the fall of 1967, and the boat was in practically the same condition in November 1968 when it was damaged.

The plaintiff's son testified, "From the time my father brought the boat to Charlotte and put it on the homemade crib, I had done some work on the boat myself, and I had observed my father working on the boat. I had sanded some paint off. We were sanding the paint off to repaint it. That is about as far as we got other than cleaning it up and trying to start it, and that was about all we had done." The father testified, "It was in October I guess when I built the crib and I got the boat located there, and it was there in that position from October 1967, until November of 1968, when the automobile came in contact with it. During that period of time, I stripped about one quarter of one side of the paint off of it, which would be about 10% of the total paint that had been stripped off in a period of little over a year. I had not done anything else to the boat during that year because I was trying to get in shape to buy electronics to put on it. The boat was roughly in the same condition after it had been at my house for about a year as it was when I bought it except for whatever weathering that had taken place during that year."

There not having been any material change in the boat except moving it from Charleston, South Carolina, to Charlotte, North Carolina, between the time of purchase and the time of the damage, I am of the opinion that it was competent and relevant to show the purchase price of the boat as being some evidence tending to show what the fair market value of the boat was immediately before the damage. In my opinion this evidence was competent, and the refusal of the trial court to permit the jury to consider that evidence along with all the other evidence in arriving at the fair market value of the boat immediately before the damage, was prejudicial error.

I think the defendants are entitled to a new trial.