PHILCO FINANCE CORPORATION v. WILLIAM T. MITCHELL AND WIFE, BRENDA L. MITCHELL, ELLIOTT R. GAY AND BETTY B. GAY

No. 7521SC237

(Filed 18 June 1975)

1. **Rules of Civil Procedure § 59— setting aside judgment and ordering new trial — no error**

    The trial court did not err in setting aside the judgment entered on 1 November 1974 and in ordering a new trial under G.S. 1A-1, Rule 59, where the trial judge stated that he felt he had "acted too hastily in denying plaintiff's motion to reopen the case" and he wanted to have all the facts before him.

2. **Contracts §§ 14, 27— third party beneficiary — denial of motion to dismiss proper**

    In an action for money judgment and claim and delivery the trial court did not err in denying defendant Mitchells' motion to dismiss where the evidence tended to show that plaintiff was a third party beneficiary of the contract between defendants Gay and defendants Mitchell, plaintiff granted the Mitchells three extensions of time for payment, and under the transfer agreement executed by all the parties the Mitchells promised to pay the balance due on laundry equipment.

Finance Corp. v. Mitchell

3. Rules of Civil Procedure § 15— failure to object to evidence — pleadings deemed amended

Though defendants objected to testimony of three of plaintiff's employees, they did not do so on the ground that the pleadings did not conform to the evidence, and the pleadings were therefore deemed amended; moreover, the trial court determined that defendants were not surprised or prejudiced in their defense by plaintiff's proposed amendments and the court did not abuse its discretion in allowing the amendments. G.S. 1A-1, Rule 15(b).

APPEAL by defendants Mitchell from *Exum, Judge*. Judgment entered 31 December 1974. Heard in the Court of Appeals 15 May 1975.

Plaintiff Philco Finance instituted this action on 11 January 1974 seeking a money judgment and an order for claim and delivery against defendants Gay and Mitchell. In its complaint, Philco alleged the following: On 6 March 1970 the Gays entered into a conditional sales contract or installment security agreement with Woodcoe, Inc., for the purchase of commercial laundry equipment. The Gays executed a promissory note to Woodcoe, who immediately assigned all of its contractual rights to Philco Finance. A financing statement was filed in Guilford County.

The security agreement provided that the buyer should not sell or encumber the collateral without the consent of the seller. On 1 November 1970 the Gays sold the property to the Mitchells without Philco's knowledge. Thereafter, on 6 March 1973, a transfer agreement was executed between Philco Finance and the Mitchells and the Gays. Philco agreed to the sale and the Gays and the Mitchells agreed to pay the balance due on the note. The plaintiff alleges that defendants are now in default and plaintiff, having made demand, is entitled to recover the collateral and a judgment in the amount of $18,009.72.

Defendants Mitchell, in their answer, averred that they had not entered into an agreement with Philco and were not liable under any agreement between Philco and the Gays. They alleged that the transfer agreement was without legal effect, for failure of consideration, and further alleged that it was obtained by fraud and duress.

On 1 November 1974 a hearing was held and two Philco employees testified. They identified the contract and the transfer agreement. Each denied having coerced the Mitchells into

signing the agreement but neither could remember whether it was filled in when they signed it. Plaintiff then rested, reserving the right to call J. V. Morgan, the Gays' attorney, on rebuttal. Defendants moved to dismiss, and, while the judge was ruling on the motion, plaintiff requested that Mr. Morgan be allowed to testify. The judge refused the request and announced that he was entering judgment against the Gays and for the Mitchells. He directed counsel for the Mitchells to prepare a judgment for his signature.

On 4 November 1974 plaintiff moved pursuant to G.S. 1A-1, Rule 59, for the court to reconsider and amend its judgment. The next day the prepared judgment was submitted to the judge. A hearing was held on November 7 at which time the judge declined to sign the judgment and allowed plaintiff's motion to reopen the case. J. V. Morgan identified a sales agreement between the Gays and the Mitchells. In it the Mitchells agreed to pay the balance due to Philco Finance. The two Philco employees identified certain agreements between Philco and the Mitchells. In these Philco granted to the Mitchells extensions of time for payment of the balance due and the Mitchells agreed to pay the balance to Philco.

Defendants then moved for dismissal and the court denied the motion. Mitchell himself testified that Philco employees harassed him in order to obtain the extension and transfer agreements.

Having moved pursuant to G.S. 1A-1, Rule 15(b), Philco was allowed to amend its complaint to allege that it was a third-party beneficiary of the Gay-Mitchell agreement and that the Mitchells were obligated to it under the extension agreements. The court found the Mitchells liable to plaintiff under their sales agreement with the Gays, the extension agreements with Philco, and the transfer agreement. From judgment entered against all defendants, the Mitchells appealed to this Court.

*Floyd & Baker, by Walter W. Baker, Jr., for defendant appellants.*

*A. Carl Penney for plaintiff appellee.*

ARNOLD, Judge.

[1]    Appellants contend that the trial court erred in setting aside the judgment entered 1 November 1974 and in ordering

a new trial. We disagree. G.S. 1A-1, Rule 59 (a) (1) provides that a new trial may be granted for "[a]ny irregularity by which any party was prevented from having a fair trial." This section provides wide latitude for the trial judge to award new trials, and it does not require that he set out grounds to support his order. However, the able judge in this case indicated that he was granting the motion, under Rule 59, because he felt he "acted too hastily in denying plaintiff's motion to reopen the case" and because he wanted to have all the facts before him.

[2, 3] Appellants further contend that the court erred in denying their motion to dismiss and in allowing plaintiff to amend its complaint. Again, we disagree. Viewed in the light most favorable to plaintiff, the evidence showed that Philco was a third party beneficiary of the contract between the Gays and the Mitchells. *See generally* 4 Corbin on Contracts §§ 774-77; Restatement of Contracts §§ 133 (b) and 136 (1) (a). The evidence also showed that Philco granted the Mitchells three extensions of time for payment. Finally, under the transfer agreement executed by all the parties, the Mitchells promised to pay the balance due. The evidence adduced clearly was sufficient to permit recovery. *See Gibbs v. Heavlin,* 22 N.C. App. 482, 206 S.E. 2d 814 (1974). Although defendants objected to testimony of J. V. Morgan (concerning the Gay-Mitchell contract) and the additional testimony of two Philco employees (concerning the extension agreements), they did not do so on the ground that the pleadings did not conform to the evidence. When such an objection is not made, the pleadings are deemed amended. G.S. 1A-1, Rule 15 (b). *See Mangum v. Surles,* 281 N.C. 91, 187 S.E. 2d 697 (1972). Rule 15 (b) provides, moreover, that "the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby. . . ." The court's ruling on a motion to amend is not reviewable absent a showing of abuse of discretion. *Service Co. v. Sales Co.,* 264 N.C. 79, 140 S.E. 2d 763 (1965). In the instant case, the court found that the defendants were not surprised or prejudiced in their defense by the proposed amendments. We find no abuse of the trial court's discretion.

The judgment is

Affirmed.

Judges Britt and Clark concur.