CITY OF BURLINGTON v. J. J. STALEY AND WIFE, MARY ELIZABETH STALEY

No. 8418SC1232

(Filed 1 October 1985)

1. **Eminent Domain § 6.6— value witnesses not required to be experts**

    Defendant's witnesses were not required to be experts in land appraisal in order to state opinions of the value of the land taken and contiguous lands before and after the taking but were required only to show that they were familiar with the land taken.

2. **Eminent Domain § 6.6— value witnesses related to landowners**

    The fact that two of defendant's witnesses were related to defendants does not go to the admissibility of their value testimony but only to its weight.

3. **Eminent Domain § 6.6— reliability of value testimony**

    There was sufficient evidence presented in a condemnation action for the jury to conclude that defendants' value witnesses were reliable in their testimony even though they were unable to recite specific sales prices of comparable tracts on cross-examination.

4. **Eminent Domain § 6.7— highest and best use—testimony not speculation**

    Testimony by defendants' witnesses that the highest and best use of condemned land was for residential or recreational development was not "totally speculative" where the record contained testimony describing the condition, location and surroundings of the land which could render it available for residential subdivision or recreational development; the evidence indicated that there are residential subdivisions in the vicinity; and plaintiff's expert witness indicated that agricultural land almost always has the potential of selling some lots.

5. **Trial § 42.2— compromise verdict not shown**

    The trial court did not err in denying plaintiff's motion for a new trial in a condemnation action on the ground that the jury reached an improper compromise verdict when it awarded an amount of damages which was between the amount shown by plaintiff's evidence and the amount shown by defendants' evidence where there was sufficient evidence presented to the jury to support its verdict.

6. **Eminent Domain § 7.1— references to federal funding—harmless error**

    In an action to condemn land for a public water supply project, any impropriety in references to federal funding for the water project in two questions asked by defendants' counsel constituted harmless error.

APPEAL by plaintiff from *Hobgood, Hamilton H., Sr., Judge.* Judgment entered 14 July 1984, *nunc pro tunc* 29 June 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 September 1985.

The City of Burlington instituted this action for the condemnation of property owned by defendants J. J. Staley, and wife, Mary Elizabeth Staley. This condemnation was for the purpose of a public water supply project. Prior to the taking defendants owned a tract of land containing approximately 54.2 acres. The property condemned by the City of Burlington contained an area of approximately 6.2 acres and included the portion of Alamance Creek which ran through defendants' property. After the taking, defendants were left with two parcels of land on each side of the condemned property. The north parcel contained approximately 35 acres. The south parcel contained approximately 13 acres which were left without access due to the taking.

The case was tried solely on the issue of damages. Defendants presented five witnesses who testified that the highest and best use of the land was for residential or recreational development. Their testimony as to the extent of damages ranged from $176,000 to $205,000. The City of Burlington offered three witnesses, qualified as experts in real estate appraisal, who testified that the highest and best use of the property was for agricultural purposes and a single residence. Their estimates of damages ranged from $13,175 to $18,050.

The jury returned a verdict of $89,275 for defendants. From the judgment, plaintiff appealed to this Court.

*Wishart, Norris, Henninger & Pittman, by Robert J. Wishart and June K. Allison, for plaintiff appellant.*

*Max D. Ballinger for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in failing to set aside the verdict and grant a new trial because (1) the evidence was insufficient to justify the verdict, (2) the verdict was an improper compromise verdict, and (3) the jury in reaching its verdict disregarded the instructions of the court and instead acted under the influence of passion and prejudice.

Each of these contentions will be addressed in turn, but first it should be noted that a trial judge's ruling on a motion for new trial involves the discretion of the trial judge, and is not reviewable in the absence of manifest abuse of discretion. *Britt v. Allen,*

291 N.C. 630, 231 S.E. 2d 607 (1977); *City of Winston-Salem v. Rice*, 16 N.C. App. 294, 192 S.E. 2d 9, *cert. denied*, 282 N.C. 425, 192 S.E. 2d 835 (1972).

Plaintiff first contends the evidence at trial was insufficient to justify the jury's verdict. Plaintiff cites the following as support for this contention: (1) defendants' witnesses were not experts in land appraisal; (2) two witnesses were "interested" because of their relationship as son and son-in-law to the defendants; (3) none of defendants' witnesses testified as to any personal knowledge of comparable sales other than one sale of a Girl Scout Camp reported in the newspaper; (4) none of defendants' witnesses had any expertise in residential subdivision or country club development; and (5) the opinion of defendants' witnesses as to the highest and best use of the property was "totally speculative."

[1] We find no merit in plaintiff's contention. Any witness familiar with the land may testify as to his opinion of the value of the land taken and as to the contiguous lands before and after the taking. *Highway Commission v. Privett*, 246 N.C. 501, 99 S.E. 2d 61 (1957); *Highway Comm. v. Frye*, 6 N.C. App. 370, 170 S.E. 2d 91 (1969). Thus, it is not necessary that the witness be an expert, only that he be familiar with the land taken. 1 *Brandis on North Carolina Evidence* § 128 (1982). At trial, defendants' witnesses gave adequate testimony as to their familiarity with the property.

[2] The fact that two of the witnesses were related to the defendants does not go to the admissibility of their testimony, but simply to the weight to be given their testimony by the jury. This fact, absent more, is no ground on which to set aside a jury verdict.

[3] Plaintiff is correct in stating that defendants' witnesses were unable to recite specific sales prices of comparable tracts on cross-examination. However, each witness testified that he was generally familiar with the land and the property values in the community. Further, as plaintiff acknowledges, there was testimony that the newspaper had reported that a Girl Scout Camp on the same Alamance Creek as the condemned property had sold for $5,000 an acre. Even if the jury failed to believe this testimony presented by defendants, plaintiff's expert witness Jesse Douglas Avent testified that above the Girl Scout Camp

there had been *several* tracts of land which sold for $5,000 an acre. Furthermore, plaintiff's expert witnesses agreed with defendants' witnesses that the value of the south 13 acres, which due to the taking now had no access, had been reduced to approximately $200 to $300 an acre. In short there was enough evidence presented for the jury to conclude that defendants' witnesses were reliable in their testimony, in spite of their inability to recite specific prices on cross-examination.

Plaintiff is simply incorrect in stating that no witness for the defendants had any expertise in residential subdivision or recreational development. Jimmy Neese testified that he was a licensed contractor who had been in the business for seventeen years and that he had developed a subdivision.

[4]  We also disagree that the opinion of defendants' witnesses as to the highest and best use of the property was "totally speculative." The record contains testimony describing the condition, location, and surroundings of the land which could render it available for residential subdivision or recreational development. In fact, evidence indicates that there are residential subdivisions in the vicinity. We further note that plaintiff did not object at any time to defendants' witnesses testifying as to their opinion of the highest and best use of the property. In fact, plaintiff's expert witness Jesse Douglas Avent indicated agricultural land almost always has the potential of selling off some lots. In view of this evidence, we cannot regard the opinion of defendants' witnesses as totally speculative.

The jurors had the opportunity to see and hear the witnesses and to evaluate their respective qualifications to make valuations. The jury is free to believe all, some, or none of a witness's testimony. In our thorough review of the record, we conclude the jury was presented with sufficient evidence to support its verdict. Therefore, the ruling of the trial judge denying the motion for new trial does not rise to the level of abuse of discretion. This assignment of error is without merit.

[5]  Plaintiff next contends that the verdict was an improper compromise verdict, and thus a new trial should have been granted. A compromise verdict is one in which the jury answers the issues without regard to the pleadings, evidence, contentions of the parties or instructions of the court. *Vandiford v. Vandiford,*

215 N.C. 461, 2 S.E. 2d 364 (1939). The jury awarded $89,275. This amount comports neither with defendants' evidence of $176,000 to $205,000 in damages nor plaintiff's evidence of $13,175 to $18,050, but it need not be set aside as a compromise verdict simply on that basis. *See McAdams v. Moser*, 40 N.C. App. 699, 253 S.E. 2d 496 (1979). As stated above, we find there was sufficient evidence presented to the jury to support its verdict, and therefore the trial judge did not err in denying the motion for new trial.

In view of our findings, plaintiff's third contention that the jury acted under the influence of passion and prejudice is without merit.

Finally, we consider plaintiff's argument that inappropriate comments by defendants' counsel resulted in a cumulative prejudicial effect and that the trial court erred in failing to grant a mistrial. We find this contention without merit, though we specifically address two points raised by plaintiff.

[6] First, plaintiff maintains that counsel for defendants emphasized that the water project was funded by the federal government. Plaintiff cites the following from the transcript as support.

Q. [Mr. Ballinger, counsel for defendants]: Actually, in effect, what you're saying is the Federal Grant was to take the five hundred and sixty feet above sea level, is that right?

MR. WISHART [Attorney for City of Burlington]: I'm going to OBJECT to the whole line, Your Honor.

THE COURT: Yes, sir, SUSTAINED.

* * * *

Q. This Greater Alamance Water Supply Project is a federally funded project, is that right?

MR. WISHART: OBJECTION.

THE COURT: OVERRULED. Do you know?

A. [Jesse Douglas Avent, witness for City of Burlington]: I don't know for a fact. I think so, but I have — no, I couldn't testify to it.

Plaintiff asserts that the mention of federal funding in these two questions amounted to prejudicial error. We disagree. We have considered the cases cited from other jurisdictions and find that though the questions may have been improper, the result was simply harmless error. Annot., 19 A.L.R. 3d 694 (1968).

Plaintiff next asserts that defendants' counsel conducted an improper cross-examination by specifically referring to the sales prices of non-comparable properties in his questions. Such questions are improper. *Power Co. v. Winebarger*, 300 N.C. 57, 265 S.E. 2d 227 (1980). In this case, however, plaintiff's counsel allowed two such questions to be asked and answered before making objection. Counsel then failed to object to a third improper question later in the testimony. It is the well-established rule that the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character. *State v. Campbell*, 296 N.C. 394, 250 S.E. 2d 228 (1979); *Moore v. Reynolds*, 63 N.C. App. 160, 303 S.E. 2d 839 (1983); 1 *Brandis on North Carolina Evidence* § 30 (1982). Plaintiff in this instance has waived the benefit of its objection.

Accordingly, plaintiff's motions for new trial and for mistrial were properly denied.

No error.

Chief Judge HEDRICK and Judge COZORT concur.