MICHAEL GEORGE SMITH, PLAINTIFF v. GRADY LEE WHITE, DEFENDANT

No. COA10-1042

(Filed 5 July 2011)

**1. Motor Vehicles— diminution of value—evidence of cost of repairs—improperly excluded—new trial properly granted**

The trial court did not err in a vehicular accident case by setting aside the jury verdict and granting plaintiff a new trial on the issue of diminution in value of his motorcycle. The trial court properly concluded that evidence regarding the cost of repairs of plaintiff's motorcycle should not have been excluded. The cost of the repairs was relevant; the admission of such evidence would not cause a jury to award double recovery; and plaintiff was entitled to a new trial on the issue of diminution in value.

**2. Appeal and Error— Contributory negligence—jury found in plaintiff's favor**

Plaintiff's argument in a negligence case that the trial court erred in submitting the issue of contributory negligence to the jury was dismissed as the jury found plaintiff not liable under a theory of contributory negligence and the trial court entered judgment in accordance with the jury verdict.

**3. Trials— compromise verdict—motion for new trial— properly denied**

The trial court did not err in a negligence case arising out of a vehicular accident by refusing to grant plaintiff's motion for a new trial. A juror's statements may not be used in determining

whether a compromise verdict was delivered and the award may have indicated that the jury did compensate plaintiff some amount for his pain and suffering.

### 4. Costs— offer of judgment—exceeded jury award—properly awarded

The trial court did not abuse its discretion in a negligence case by awarding costs to defendant where defendant's offer of judgment to plaintiff exceeded plaintiff's jury award.

Appeal by plaintiff from judgment entered 21 January 2010 by Judge Yvonne Mims Evans in Cleveland County Superior Court. Heard in the Court of Appeals 25 January 2011.

*The Law Offices of Jason E. Taylor, P.C., by Jason E. Taylor, for plaintiff-appellant.*

*McAngus, Goudelock & Courie, PLLC, by Heather G. Connor and Jeffrey B. Kuykendal, for defendant-appellee.*

BRYANT, Judge.

Because the trial court's order awarding plaintiff a new trial due to an error at law occurring during trial was appropriate, we affirm. Where plaintiff prevails at trial on the issue of contributory negligence, plaintiff's appeal of this issue is dismissed. Because the trial court did not abuse its discretion in finding that the jury verdict, which benefitted plaintiff, was not a compromise verdict, we affirm the trial court's denial of plaintiff's motion for a new trial. Finally, where defendant was entitled to an award of costs under Rule 68(a), the trial court did not abuse its discretion in awarding costs to defendant.

*Facts and Procedural History*

Plaintiff and defendant were involved in an automobile accident on 19 September 2007. Plaintiff, who was driving a motorcycle, alleged that defendant made a left turn in front of him, causing the accident. Plaintiff suffered personal injuries as a result of this collision. Plaintiff's motorcycle was also damaged, requiring repairs.

Plaintiff brought suit against defendant on 2 April 2008 alleging that defendant's negligence caused the accident. On 22 May 2008, defendant answered, asserting as an affirmative defense that plaintiff's contributory negligence resulted in the collision. Plaintiff replied pleading that defendant had the last clear chance to avoid the accident.

Defendant paid for the repairs to plaintiff's motorcycle. However, in a pretrial motion in limine, defendant sought to exclude evidence of the cost of repairs to the motorcycle. Over plaintiff's objection the trial court granted defendant's motion, ruling that only the damage to the motorcycle and the work necessary to repair it were relevant issues for the jury.

On 21 January 2009, the jury returned a verdict finding defendant negligent in causing the accident. Plaintiff was found not liable under the doctrine of contributory negligence. In addition, the jury found that plaintiff's motorcycle had not sustained a diminution in value.

On 1 February 2009, plaintiff filed a Rule 59 motion for a new trial. Plaintiff's motion alleged that the trial court committed an error of law by not allowing evidence of the cost of repair to go to the jury, that there was insufficient evidence to justify the verdict finding no diminution in value to the motorcycle, and that the verdict was contrary to law with respect to the issue of property damage.

On 26 February 2010, judgment was entered awarding plaintiff $6,335.00 in medical costs. On 19 March 2010, an amended judgment was entered retaining plaintiff's award of medical costs and granting defendant recovery of costs from plaintiff in accord with Rule 68.

Also, on 19 March 2010, the trial court granted in part plaintiff's motion for a new trial only as to diminution in value. Plaintiff's motion on all other grounds was denied.

Plaintiff and defendant both appeal.

---

## Defendant's Appeal

On appeal, defendant argues that (I) the trial court erred in granting plaintiff's Rule 59 motion for a new trial.

## I.

[1] Defendant argues that the trial court erred in setting aside the jury verdict and granting plaintiff a new trial on the issue of diminution in value. We disagree.

According to Rule 59, a new trial may be granted for the reasons enumerated in the Rule. By using the word *may*, Rule 59 expressly grants the trial court the discretion to determine whether a new trial should be granted. Generally, therefore, the trial court's decision on a motion for a new trial under Rule 59 will not be dis-

turbed on appeal, absent abuse of discretion. [This Court] recognize[s] a narrow exception to the general rule, applying a *de novo* standard of review to a motion for a new trial pursuant to Rule 59(a)(8), which is an error in law occurring at the trial and objected to by the party making the motion.

*Kor Xiong v. Marks*, 193 N.C. App. 644, 654, 668 S.E.2d 594, 601 (2008) (citing *Greene v. Royster*, 187 N.C. App. 71, 77-78, 652 S.E.2d 277, 282 (2007)); *see also Philco Finance Corp. v. Mitchell*, 26 N.C. App. 264, 266-67, 215 S.E.2d 823, 824-25 (1975). Because the trial court's decision to grant a new trial was based on an "error in law occurring at the trial and objected to by the party making the motion," we review the trial court's ruling *de novo*. *See* N.C. Gen. Stat. §1A-1, Rule 59(a)(8) (2011).

At trial in the instant case plaintiff claimed that his motorcycle suffered a diminution in value due to the accident, despite repairs to the motorcycle. Upon defendant's objection the trial court excluded evidence of the actual cost to repair plaintiff's motorcycle. After hearing post-trial motions by plaintiff and defendant the trial court, citing *U.S. Fidelity & Guaranty Co. v. P. & F. Motor Express, Inc.*, 220 N.C. 721, 18 S.E.2d 116 (1942), concluded that evidence regarding the cost of repairs should not have been excluded and granted plaintiff a new trial on the issue of diminution in value.

In *U.S. Fidelity* our Supreme Court granted the defendant a new trial after holding that the trial court erred in excluding evidence concerning the costs of repairing the plaintiff's vehicle. *Id.* Herein, we quote *Fidelity* at length because we agree, as did the trial court, that *Fidelity* is dispositive of this issue.

> It is a well settled rule with us, and in other jurisdictions, that the measure of damage for injury to personal property is the difference between the market value of the property immediately before the injury and the market value immediately after the injury.
>
> The authorities are in conflict upon whether the cost of repairing injured property is competent evidence of the difference between the market value before and after the injury. The authorities which have been brought to our attention are cases in which the repairs have been actually made and the amount paid therefor was sought to be shown in order to establish the difference in market value, and in these cases we find the weight of authority in favor of the admissibility of such evidence. However, in the

case at bar the evidence offered was not of the actual cost paid for repairing, but of an estimate of the cost thereof. The estimate sought to be shown was that of the "foreman of the repair shop of the City Chevrolet Company," who "examined the automobile . . . which was damaged . . . and made an estimate of the cost of repairing that car." While evidence of such an estimate of the cost of repairs might not be as convincing as evidence of the cost of the actual repairs, we think this difference relates to the weight thereof rather than to its competency—and the weight of evidence is for the jury, while the admissibility of evidence is for the court. This thought was evidently in the mind of Justice Allen when he wrote: "The correct and safe rule is the difference between the value of the machine before and after its injury, and in estimating this difference it is proper for the jury to consider the cost and expenses of repairs . . ."

*Id.* at 722-23, 18 S.E.2d at 117 (internal citations omitted).

Defendant argues that the trial court erred in granting plaintiff's motion for a new trial based on the prior exclusion of evidence of cost of repairs because defendant had already paid for the repairs. Defendant vainly attempts to distinguish *Fidelity* from the instant case because the defendant in *Fidelity* attempted to elicit testimony regarding the estimated cost of repair.

Defendant argues that because plaintiff's repairs had been paid for prior to trial proceedings, *Fidelity* is not applicable. However, defendant fails to acknowledge that the *Fidelity* court, in discussing the conflict regarding whether cost of repair is competent evidence of market value of property before and after injury, found that "the weight of authority [is] in favor of the admissibility of such evidence." *Id.* at 723, 18 S.E.2d at 117. Therefore, the issue before the *Fidelity* Court was whether evidence of estimated cost of repair, as opposed to actual cost of repair already paid, should be admitted. As to that issue, the Court stated even though "evidence of such an estimate of the cost of repairs might not be as convincing as evidence of the cost of the actual repairs, we think this difference relates to the weight thereof rather than to its competency." *Id.* at 723, 18 S.E.2d at 117. The Court made clear that where repairs have been made and paid for, such evidence is admissible to show the measure of damages.

While the general rule is that the measure of damages in respect of an injured automobile is the difference in its value immediately before and immediately after the injury, this measure may be

established by showing the reasonable cost of necessary repairs to restore it to its previous condition.

In determining the depreciation in value of a motor vehicle as the result of an injury, the jury may take into consideration the reasonable cost of the repairs made necessary thereby, and the reasonable market value of the vehicle as repaired.

*Id.* at 723-24, 18 S.E.2d at 117 (internal citations omitted).

Defendant argues in the alternative that, even if the cost of the repairs was relevant, admitting such evidence would permit a jury to award double recovery. *Citing Sprinkle v. N.C. Wildlife Res. Comm'n,* 165 N.C. App. 721, 600 S.E.2d 473, (2004), defendant emphasizes that our Court has held that a plaintiff may not recover already-received costs.

In *Sprinkle,* this Court held that the plaintiff received an impermissible double recovery when plaintiff was awarded damages for both diminution in value and damages for the cost of repair to his boat. However, *Sprinkle* does not preclude a trial court from admitting evidence of the cost of repair in determining damages. *Id.* at 727, 600 S.E.2d at 477 ("As to this [diminution in] value, the Court can consider cost of repair. . . . [S]uch cost would be some evidence to guide the jury in determining the difference in the market value of the [property] before and after the injury."). Therefore, because the determination of damages for diminution in value of plaintiff's motorcycle is for a jury to decide in a new trial, we find defendant's alternative argument to be premature.

For these reasons we hold that the trial court did not err in granting plaintiff's motion for a new trial.

### Plaintiff's Appeal

Plaintiff argues that the trial court erred (II) in submitting the issue of contributory negligence to the jury, (III) in denying plaintiff's motion for a new trial due to the jury rendering a compromise verdict, and (IV) in awarding costs to defendant.

### II.

[2] On appeal, plaintiff argues that the trial court erred in submitting the issue of contributory negligence to the jury.

We note that the jury found plaintiff not liable under a theory of contributory negligence and the trial court entered judgment in accordance with the jury verdict.

"[An] [a]ppellant may not complain of alleged error in respect to an issue answered in his favor." *Digsby v. Gregory*, 35 N.C. App. 59, 61-62, 240 S.E.2d 491, 493 (1978) (*overruled on other grounds by Unigard Carolina Ins. Co. v. Dickens*, 41 N.C. App. 184, 186, 254 S.E.2d 197, 198 (1979)). For a party to be aggrieved, he must have rights which were substantially affected by a judicial order. Where a party is not aggrieved by a judicial order entered, as in the present case, his appeal will be dismissed. *Gaskins v. Blount Fertilizer Co.*, 260 N.C. 191, 195, 132 S.E.2d 345, 347 (1963) (per curiam) (plaintiff was not allowed to enjoin a foreclosure order where plaintiff held no property rights in the property, and therefore could not be aggrieved by the court's granting of a foreclosure sale). We therefore dismiss plaintiff's appeal as to this issue.

## III.

**[3]** Next, plaintiff argues the trial court erred in refusing to grant his motion for a new trial because the jury issued a compromise verdict. We disagree.

An appeal from a trial court's denial of a motion for new trial because of an alleged compromise verdict is reviewed for an abuse of discretion. *Hughes v. Rivera-Ortiz*, 187 N.C. App. 214, 217-18, 653 S.E.2d 165, 168 (2007). The party seeking to establish the abuse of discretion bears the burden of showing that the verdict was a compromise. *Id.*

"A compromise verdict is one in which the jury answers the issues without regard to the pleadings, evidence, contentions of the parties or instructions of the court." *Piedmont Triad Reg'l Water Auth. v. Lamb*, 150 N.C. App. 594, 597, 564 S.E.2d 71, 74 (2002). The dollar amount of the verdict alone is insufficient to set aside the verdict as being an unlawful compromise. *Id.* at 598, 564 S.E.2d at 74.

Plaintiff first argues that comments allegedly made by jurors after the trial concluded indicated a compromise verdict. However, a juror's statements may not be used in determining whether a compromise verdict was delivered. *See* N.C. Gen. Stat. § 8C-1, Rule 606(b) (2011) ("Upon an inquiry into the validity of a verdict . . . a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations . . . Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes."). "[A]fter [the jurors'] verdict has been rendered and received by the court, and they have been discharged, jurors will not be allowed to attack or over-

throw it, nor will evidence from them be received for such purpose." *Craig v. Calloway*, 68 N.C. App. 143, 150, 314 S.E.2d 823, 827 (1984). "If any evidence is to be admitted to impeach, attack, or overthrow a verdict, it must come from a source other than from the jurors themselves." *Id.* Accordingly, plaintiff cannot use juror comments as evidence supporting his motion for a new trial.

Second, plaintiff argues that, based on *Maness v. Bullins*, a compromise verdict was delivered because jurors awarded medical expenses but no damages for pain and suffering. *Maness v. Bullins*, 27 N.C. App. 214, 218 S.E.2d 507 (1975). In *Maness*, our Court affirmed the trial court's decision to order a new trial after the jury awarded only medical damages. The minor plaintiff had suffered serious facial injuries. *Id.* at 214, 218 S.E.2d at 507-08. The jury verdict was found to be inconsistent with plaintiff's "clear and convincing" proof of pain and suffering which the jury arbitrarily ignored. *Id.* at 216-17, 218 S.E.2d at 509.

The record in the instant case indicates that plaintiff suffered relatively minor injuries that did not require extensive hospitalization or treatment. In addition, from the jury verdict it is not clear, but it is entirely possible, that some amount of damages could have been intended for pain and suffering. Plaintiff presented evidence showing a total of $5,457.47 in medical bills. Testimony by plaintiff concerning his pain and suffering was countered by defendant, who provided evidence contradicting some of plaintiff's medical expenses. The jury awarded plaintiff $6,350.00 in medical expenses. This award may indicate that the jury did compensate plaintiff some amount for his pain and suffering. On these facts, we must reject plaintiff's argument as to a compromise verdict and affirm the trial court's denial of plaintiff's motion for a new trial on negligence.

*IV.*

**[4]** Plaintiff's final argument on appeal is that the trial court erred in awarding costs to defendant where the damages awarded to plaintiff were inadequate as a matter of law. We disagree.

Our Court reviews a trial court's taxing of costs under an abuse of discretion standard. *Vaden v. Dombrowski*, 187 N.C. App. 433, 437, 653 S.E.2d 543, 545. "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 437, 653 S.E.2d at 545-46.

On 13 February 2009, defendant made plaintiff an offer of judgment for the lump sum of $10,001.00, pursuant to N.C. Gen. Stat. §1A1, Rule 68(a). Plaintiff did not accept defendant's offer of judgment. Defendant then filed a motion for costs on 26 January 2010. The trial court granted an award of costs to defendant, under Rule 68, in an amended judgment on 19 March 2010.

Under Rule 68(a),

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted within 10 days after its service shall be deemed withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

N.C. Gen Stat. §1A1, Rule 68(a) (2011). As defendant's offer to plaintiff exceeded plaintiff's jury award, the trial court properly awarded costs incurred after the offer to defendant, and there was no abuse of discretion.

Affirmed in part; dismissed in part.

Judges McGEE and BEASLEY concur.