CITY OF DURHAM, Plaintiff v. PAUL W. WOO, TRUSTEE, UNDER REVOCABLE DECLARATION OF TRUST DATED FEBRUARY 2, 1989; PAUL W. WOO, TRUSTEE FOR THE PWW FAMILY TRUST; MARILYN E. WOO, TRUSTEE FOR PAUL W. WOO ENTERPRISES; BRIAN NEWTON, TRUSTEE FOR THE NEWTON CHARITABLE FOUNDATION; THOMAS A. EARLES, TRUSTEE; AND COUNTY OF DURHAM, Defendants

No. COA97-813

(Filed 7 April 1998)

1. **Eminent Domain § 228 (NCI4th)— condemnation— default—contested valuation—City's awareness—entry of judgment set aside**

    The trial court did not abuse its discretion in a condemnation action by setting aside an entry of default against defendants where defendants did not file formal answers to the City's complaint but the City was aware that defendants contested the City's estimation of just compensation for the subject property. Because Chapter 40A does not specifically provide otherwise, N.C.G.S. § 1A-1, Rule 60 applies to proceedings under Chapter 40A in order to provide relief from judgments or orders when necessary to promote the interests of justice.

2. **Trial § 512 (NCI4th)— condemnation—entry of default— set aside—findings and conclusions**

    The trial court did not abuse its discretion by setting aside an entry of default against the Woos in a condemnation action where its findings and conclusions were substantially equivalent to a

finding of good cause and supported the action of the court in allowing the Woos to file an answer.

**3. Eminent Domain § 150 (NCI4th)— condemnation—value— appreciation from condemnation**

The trial court did not err in a nonjury condemnation action by finding that the value of the subject property was $280,000 where the City argues that the evidence presented regarding value reflected appreciation resulting from a ballpark project, the purpose for which the property was condemned. The statement of purpose in the City's complaint does not mention the ballpark project and the property is not being used as part of the project, so that the court could have properly considered any increase in value caused by the ballpark; however, there is no indication that the court considered the proximity of the ballpark in making this determination. Ample evidence was presented on which the court could have based its determination that the value was $280,000.

**4. Eminent Domain § 147 (NCI4th)— condemnation—compensation—personal property not removed**

The trial court erred in a condemnation action by awarding defendants $10,000 for restaurant fixtures and personal property used in a restaurant on the property. The only amounts defendants would be entitled to recover for the fixtures would be the cost of removal; because defendants did not remove the fixtures despite the opportunity to do so, the court's order should not have included an award for their value.

Appeal by plaintiff from order entered 7 June 1993 by Judge Robert H. Hobgood in Durham County Superior Court and appeal by plaintiff from judgment entered 10 October 1996 and order entered 12 December 1996 by Judge Henry W. Hight, Jr., in Durham County Superior Court. Heard in the Court of Appeals 23 February 1998.

*Office of the City Attorney, by Richard Weintraub and Karen A. Sindelar, for plaintiff appellant.*

*Haywood, Denny & Miller, L.L.P., by George W. Miller, Jr., and George W. Miller, III, for defendant appellees.*

HORTON, Judge.

On 3 November 1987, defendant Paul W. Woo purchased a .64-acre tract on Blackwell Street in Durham, North Carolina (the subject

property), at a bankruptcy auction for $141,000.00. The subject property, which contained a 3,469-square-foot building operated as a restaurant, was located across the street from the American Tobacco Company Complex. At the time of his purchase, Woo was aware that the Tobacco Company property was being considered for development by various investors, and that the area surrounding the subject property had been the target of redevelopment efforts by the Durham Redevelopment Commission. In 1990, the owners of the American Tobacco Company property sold eight acres of the property, consisting of a parking lot, to the Glaxo Corporation for $2,500,000.00.

In an effort to keep the Durham Bulls Baseball Club from leaving the City of Durham (the City), the City purchased the American Tobacco parking lot tract from Glaxo for use as a baseball stadium. The City also notified Woo that it was interested in acquiring the subject property from him and began negotiations regarding the value of that property.

On 3 September 1992, the City gave Woo notice pursuant to N.C. Gen. Stat. § 40A-40 (1984) that it intended to condemn the subject property. Subsequently, Woo transferred the subject property to a trust for estate planning purposes and began to actively seek a purchaser for the property. On 23 September 1992, Brian Newton, as trustee, executed an option to purchase the subject property for $440,000.00. The City filed a complaint on 12 October 1992 to condemn the subject property. The complaint named as defendants Paul W. Woo, as trustee of a revocable declaration of trust dated 2 February 1989 and trustee of the PWW Family Trust; Woo's wife, Marilyn, as trustee of Paul W. Woo Enterprises; Brian Newton, as trustee for the Newton Charitable Foundation; Thomas Earles, as trustee; and Durham County. The City also deposited $165,000.00 as its estimate of just compensation.

Without filing a formal answer to the complaint within the time period set forth in N.C. Gen. Stat. § 40A-46 (1984), Woo responded to the complaint by sending a letter to the trial court, which stated that he had conveyed the subject property to Newton and therefore no longer had any interest in the property. Marilyn Woo also responded to the complaint by sending a letter to the trial court, which stated that the subject property secured the $440,000.00 purchase price paid by Newton and that she expected that amount would be paid from the condemnation proceeds. However, Paul Woo continued to negotiate with the City in order to secure an increased price for the subject

property. On or about 15 April 1993, the County of Durham issued a 1993 tax reevaluation notice establishing the 1993 tax value of the subject property at $402,670.00.

Default was thereafter entered against all defendants named in the City's complaint, and a default judgment was entered against Newton and Earles. On 26 May 1993, the Woos filed a motion to set aside the entry of default against them. Newton filed a similar motion on 7 June 1993 to set aside the entry of default and judgment against him. After a hearing, the trial court concluded that the letter sent by Marilyn Woo, while not a formal answer, constituted an appearance in the condemnation proceeding and put the City on notice that it should not have proceeded to file a motion for entry of default. The trial court ordered that the entry of default against the Woos and the judgment against Newton be set aside pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(1), (4) and (6) (1990) and in its discretion allowed the Woos and Newton (collectively, defendants) 30 days to file an answer in the condemnation proceeding. Following a nonjury trial in September of 1996, the trial court entered a judgment concluding that defendants were entitled to recover $280,000.00 as just compensation for the subject property and to recover $10,000.00 for fixtures and personal property used in the operation of the restaurant but taken by the City.

[1] On appeal, the City first contends the trial court abused its discretion by setting aside the entry of default against the Woos and the default judgment against Newton and by failing to render judgment in favor of the City. The City argues that N.C. Gen. Stat. § 1A-1, Rule 60 does not apply to proceedings under Chapter 40A and that defendants' failure to answer the complaint within 120 days as required by N.C. Gen. Stat. § 40A-46 constituted an admission that $165,000.00 was just compensation for the subject property. We first address the propriety of the trial court's setting aside the default judgment against Newton, and then address the propriety of the trial court's setting aside the entry of default against the Woos.

N.C. Gen. Stat. § 1A-1, Rule 60, which sets forth the method for seeking relief from a judgment or order, states in pertinent part:

(b) . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

\* \* \* \*

(4) The judgment is void;

\* \* \* \*

(6) Any other reason justifying relief from the operation of the judgment.

While no section of Chapter 40A specifically provides that Rule 60(b) applies to actions brought pursuant to that Chapter, N.C. Gen. Stat. § 40A-12 (1984) states that

> [w]here the procedure for conducting an action under this Chapter is not expressly provided for in this Chapter or by the statutes governing civil procedure, or where the civil procedure statutes are inapplicable, the judge before whom such proceeding may be pending shall have the power to make all the necessary orders and rules of procedure necessary to carry into effect the object and intent of this Chapter. The practice in each case shall conform as near as may be to the practice in other civil actions.

Because "the exercise of the power of eminent domain is in derogation of property rights," *Dare County Bd. of Education v. Sakaria,* 118 N.C. App. 609, 614, 456 S.E.2d 842, 845 (1995), *aff'd per curiam,* 342 N.C. 648, 466 S.E.2d 717 (1996), and because Chapter 40A does not specifically provide otherwise, we believe Rule 60 applies to proceedings under Chapter 40A in order to provide relief from judgments or orders when necessary to promote the interests of justice. *See also Dept. of Transportation v. Combs,* 71 N.C. App. 372, 322 S.E.2d 602 (1984); *City of Salisbury v. Realty Co.,* 48 N.C. App. 427, 268 S.E.2d 873 (1980).

The trial court concluded that Newton was entitled to have the default judgment against him set aside pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(1), on the basis of excusable neglect, Rule 60(b)(4), on the basis of lack of notice, and Rule 60(b)(6), on the basis of the fundamental unfairness of allowing the City to go forward with default judgment in light of the documents of record filed in the case. Rule 60(b)(6) "serves as a 'grand reservoir of equitable power' by which a court may grant relief from a judgment whenever extraordinary circumstances exist and there is a showing that justice demands it." *Dollar v. Tapp,* 103 N.C. App. 162, 163-64, 404 S.E.2d 482, 483 (1991). Here, the trial court, in setting aside the default judgment

against Newton, found that the letter written by Marilyn Woo was "sufficient to put the City on notice that it should not proceed to file a motion for entry of default" since it referred to " 'any additional funds that may be ordered by the Court in subsequent condemnation proceedings[.]' " The record also indicates that Paul Woo negotiated with the City regarding the value of the subject property before and after the City filed its complaint. It is evident that although defendants did not file formal answers to the City's complaint, the City was aware that defendants contested the City's estimation of just compensation for the subject property. Thus, after reviewing the record, we cannot say the trial court abused its discretion by setting aside the default judgment against Newton. Because we uphold the trial court's determination under Rule 60(b)(6), we need not address the other grounds cited by the trial court for setting aside the default judgment.

[2] We now turn to the propriety of the trial court setting aside the entry of default against the Woos. N.C. Gen. Stat. § 40A-46 states that, when a person served with a complaint containing a declaration of taking fails to file an answer within 120 days of service of the complaint, "at any time prior to the entry of the final judgment the judge may, for good cause shown and after notice to the condemnor[,] extend the time for filing answer for 30 days." In the instant case, a final judgment was not entered against the Woos, and pursuant to N.C. Gen. Stat. § 40A-46, the trial court was authorized to extend the time for filing an answer for 30 days. The trial court concluded that based on the facts in this case, including the letters written by the Woos and the negotiations between the City Attorney and Paul W. Woo, it would be fundamentally unfair to allow the City to go forward with its entry of default. The trial court then set aside the entry of default and granted the defendants 30 days within which to answer. We hold that the trial court's findings and conclusions were substantially equivalent to a finding of good cause and supported the action of the trial court in allowing the Woos to file an answer. In doing so, the trial court did not abuse its discretion.

[3] In its next assignment of error, the City contends the trial court erred by finding and concluding that the fair market value of the subject property was $280,000.00. The City argues that the evidence presented regarding the value of the subject property reflected the appreciation resulting from the ballpark project, the purpose for which the subject property was condemned, in violation of the "scope of the project" rule found in N.C. Gen. Stat. § 40A-65 (1984).

N.C. Gen. Stat. § 40A-64(a) (1984) provides that "the measure of compensation for a taking of property is its fair market value." " 'In determining the value of land appropriated for public purposes, the same considerations are to be regarded as in a sale of property between private parties.' " *Barnes v. Highway Commission*, 250 N.C. 378, 387, 109 S.E.2d 219, 227 (1959) (citations omitted). "The application of the concept of fair market value does not depend upon the actual availability of one or more prospective purchasers, but assumes the existence of a buyer who is ready, able and willing to buy but under no necessity to do so." *Id.* at 388, 109 S.E.2d at 227. However, N.C. Gen. Stat. § 40A-63 (1984) states that:

> The determination of the amount of compensation shall reflect the value of the property immediately prior to the filing of . . . the complaint under G.S. 40A-41 and . . . shall not reflect an increase or decrease due to the condemnation. The day of the filing of a petition or complaint shall be the date of valuation of the interest taken.

In addition, N.C. Gen. Stat. § 40A-65(a) provides that

> [t]he value of the property taken . . . does not include an increase or decrease in value before the date of valuation that is caused by (i) the proposed improvement or project for which the property is taken; (ii) the reasonable likelihood that the property would be acquired for that improvement or project; or (iii) the condemnation proceeding in which the property is taken.

"It is well established that where the trial court sits without a jury, the court's findings of fact are conclusive if supported by competent evidence, even though other evidence might sustain contrary findings." *Barnhardt v. City of Kannapolis*, 116 N.C. App. 215, 224-25, 447 S.E.2d 471, 477, *disc. review denied*, 338 N.C. 514, 452 S.E.2d 807 (1994). Further, "[i]n a nonjury trial, in the absence of words or conduct indicating otherwise, the presumption is that the judge disregarded incompetent evidence in making his decision." *City of Statesville v. Bowles*, 278 N.C. 497, 502, 180 S.E.2d 111, 114-15 (1971).

In Exhibit A of its complaint, the City stated that the purpose of the condemnation of the subject property was "for opening, widening, extending, or improving roads, streets, alleys, and sidewalks, and for establishing recreational facilities." This statement of purpose does not mention the ballpark project, and the record indicates that the

subject property is not presently being used as part of the ballpark project, but rather is a gravel lot used for parking. Thus, because the subject property is not part of the ballpark project, the trial court could have properly considered any increase in value of the subject property caused by the ballpark project in making its determination as to the value of the subject property. However, there is no indication in the record that the trial court considered the proximity of the ballpark project to the subject property in making this determination.

In any event, ample evidence was presented on which the trial court could have based its determination that the value of the subject property was $280,000.00. Evidence was presented showing that in 1990, the Adaron Group sold a parking lot tract located directly across the street from the subject property to the Glaxo Corporation for $2,500,000.00, or $7.18 per square foot. This sale would suggest a value for the subject property of over $330,000.00. Because this sale took place before the ballpark project was formally planned, it indicates the fair market value of the subject property before any increase in value from the ballpark project could have occurred. While the City argues that defendants did not show the value of the parking lot tract was comparable to the value of the subject property, "[t]here is no requirement that the trial judge . . . make a specific ruling on comparable values of other tracts of land." *Dept. of Transportation v. Burnham*, 61 N.C. App. 629, 635, 301 S.E.2d 535, 539 (1983). " 'It is within the sound discretion of the trial judge to determine whether there is a sufficient similarity to render the evidence of the sale admissible.' " *Id.* (quoting *Barnes*, 250 N.C. at 394, 109 S.E.2d at 232). Thus, evidence of the 1990 sale of the parking lot tract from the Adaron Group to the Glaxo Corporation provided a basis for the trial court's determination that the value of the subject property was $280,000.00.

Further, Paul Woo, who had experience as a real estate investor and developer, testified that in his opinion, the value of the subject property was $440,000.00. "Unless it affirmatively appears that the owner does not know the market value of his property, it is generally held that he is competent to testify as to its value even though his knowledge on the subject would not qualify him as a witness were he not the owner." *Highway Comm. v. Helderman*, 285 N.C. 645, 652, 207 S.E.2d 720, 725 (1974). While the City argues that Woo's testimony should not have been admitted because he was not listed as a witness in violation of two of the trial court's orders, the parties were listed

as witnesses for defendants in the Order on Final Pretrial Conference. We therefore find the City's argument on this point to be without merit. We also note that the trial court found the value of the subject property to be well below Woo's estimated value of $440,000.00. Thus, after reviewing the record, we conclude competent evidence existed to support the trial court's finding that the value of the subject property was $280,000.00.

[4] In its final assignment of error, the City contends the trial court erred by awarding defendants $10,000.00 for the taking of fixtures and personal property used in the operation of the restaurant located on the subject property. We first observe that N.C. Gen. Stat. § 40A-2(7) (1984) defines the term "property" as used in Chapter 40A to mean "any right, title, or interest in land, including leases and options to buy or sell. 'Property' also includes rights of access, rights-of-way, easements, water rights, air rights, and any other privilege or appurtenance in or to the possession, use, and enjoyment of land." This definition clearly indicates that for purposes of condemnation, "property" is limited to interests in real property, and does not include personal property. It therefore follows that personal property cannot be taken through an eminent domain proceeding under Chapter 40A. We also observe that in its complaint, the City specified that it was condemning defendants' real property, excluding the restaurant and kitchen equipment, and allowed defendants approximately four months to remove such equipment. Because defendants never removed those items despite the opportunity to do so, those items are deemed to have been abandoned. See National Advertising Co. v. N.C. Dept. of Transportation, 124 N.C. App. 620, 478 S.E.2d 248 (1996).

With respect to the fixtures used in the operation of the restaurant, N.C. Gen. Stat. § 40A-64(c) states that "[i]f the owner is to be allowed to remove any . . . permanent improvement of fixtures from the property, the value thereof shall not be included in the compensation award, but the cost of removal shall be considered as an element to be compensated." Thus, the only amounts defendants would be entitled to recover for the fixtures would be the cost of their removal. Because defendants did not remove the fixtures despite the opportunity to do so, the trial court's order should not have included an award for the value of the fixtures. We therefore reverse the portion of the trial court's order awarding defendants $10,000.00 for the value of the fixtures and personal property used in the operation of the restaurant.

Affirmed in part and reversed in part.

Judges EAGLES and SMITH concur.