THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION V.
WHIPPOORWILL LAKE, INC.

No. COA01-713

(Filed 4 June 2002)

## 1. Eminent Domain— condemnation proceeding by city—filing answer after expiration of statutory deadline

The trial court did not abuse its discretion in a city's condemnation action by allowing defendant to file an answer after expiration of a statutory twelve-month deadline under N.C.G.S. § 136-107, because: (1) the trial court stated in its order that for good cause shown defendant would be allowed a thirty-day extension for filing an answer; and (2) final judgment had not been entered against defendant.

## 2. Eminent Domain— condemnation proceeding by city—amount of compensation—jury verdict—supporting evidence

The trial court did not abuse its discretion in a condemnation action by denying plaintiff city's motion for a new trial under N.C.G.S. § 1A-1, Rule 59(a)(7), because there was sufficient evidence presented to the jury by defendant's two appraisers and a non-expert witness to support the jury's verdict.

## 3. Appeal and Error— appealability—cross-assignments of error—cross-appeal

Defendant's cross-assignments of error that fail to provide an alternative basis in law will not be considered because the proper method to raise these issues would have been by cross-appeal, N.C. R. App. P. 10(d).

Appeal by plaintiff from judgment entered 7 March 2001 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 March 2002.

*Rosenman & Colin LLP, by Francis M. Pinckney, III, for plaintiff-appellant.*

*The Hamel Lawfirm, P.A., by William F. Hamel and W.B. Hamel; and DeVore Acton & Stafford, P.A., by Fred W. DeVore, for the defendant-appellee.*

THOMAS, Judge.

Plaintiff, the City of Charlotte, appeals a jury award of $530,635.55 in a condemnation action against defendant, Whippoorwill Lake, Inc. The tract at issue is 11.6 acres, including a lake, and is near Charlotte/Douglas International Airport.

The City sets forth two assignments of error: (1) the trial court erred in allowing defendant to file an answer after expiration of a statutory twelve-month deadline; and (2) the trial court abused its discretion in denying plaintiff's motion for a new trial because the evidence did not support the jury's verdict. Defendant sets forth two cross-assignments of error: (1) the trial court erred in finding that plaintiff obtained proper service of process against it; and (2) the trial court erred in excluding evidence of the sales of comparable properties that were not purchased under the threat of condemnation.

As to the City's assignments of error, we hold that the trial court did not err. For the reasons herein, we decline to consider defendant's cross-assignments of error.

Defendant was incorporated in 1952 and owns the acreage involved in this case. Because it failed to maintain a registered agent or office, the City's service of process was obtained on 28 September 1998 by delivery of summons and complaint to the North Carolina Secretary of State. *See* N.C. Gen. Stat. § 55-5-04 (1999). The Secretary of State, however, had no address for defendant and therefore did not transmit copies of the summons and complaint.

Defendant's evidence tended to show that, prior to attempting service through the Secretary of State, the City had actual and constructive knowledge of Whippoorwill Hills Club, Inc.'s ownership of stock in defendant, and the addresses of Roy Stilwell, defendant's president, and Della Medlin, who annually received defendant's property tax bill.

On 9 November 1999, more than a year after obtaining service of process through the Secretary of State, the City filed a Notice of Hearing on a motion for entry of default. However, no copy of such a motion was included in the record on appeal. It served the notice on Stilwell, Medlin, and the incorporator of defendant, attorney James B. Craighill. Defendant then moved to extend time to file an answer to the original complaint. The City followed by filing an Affidavit of Service and a Motion for Entry of Default. By order entered 29 November 1999, the trial court denied the City's motion and allowed

defendant thirty days from the date of the order to file responsive pleadings.

The City had deposited $81,000.00 into the Mecklenburg County Clerk of Superior Court's office upon filing the complaint. At trial, the sole issue before the jury was the property's fair valuation at the time of the taking.

The evidence showed that part of the property had originally been developed in 1952 as an eleven-acre lake, thirty-five feet deep, with a 0.6 acre dam. The lots surrounding the lake were residential, and the lake was used for recreational fishing and swimming. Due to airport expansion in the 1980s, however, the City purchased by voluntary sale all but one home and three residential lots surrounding the lake. In 1990, state officials ordered the earthen dam breached. The lake was lowered twenty feet and its size reduced to three acres.

Defendant presented two expert appraisers, Stewart Tedford and John McPherson, while Jack Morgan and Paul Finnen testified as experts for the City. All four appraisers valued the property as a lake, using the sales comparison approach to determine fair market value. Tedford and McPherson testified that the property's highest and best use was as a view amenity for assemblage with the surrounding properties. They valued the property at $464,000.00 and $437,320.00, respectively.

Additionally, Stilwell testified that based on his knowledge of "other land that sold around the property," the value of the property was $580,000.00. While Stilwell did not provide information about specific comparable sales that supported his opinion, he did testify that he was one of the original developers of the land and had lived most of his life on it.

One of plaintiff's witnesses, Evander Rowell, a civil engineer, testified that the cost of converting the property to a view amenity would be at least $150,000.00 and as much as $500,000.00 because of the land's topography. Based on the conversion cost, Morgan and Finnen said that use of the lake as a view amenity was not practical since development of the 8.6 acres surrounding the lake was cost prohibitive. They claimed the highest and best use of the property to be light industrial. Morgan valued the property on the date of taking at $53,200.00. Finnen, who has worked for the City of Charlotte as an airport consultant since 1988, valued the property at $85,000.00.

CITY OF CHARLOTTE v. WHIPPOORWILL LAKE, INC.

[150 N.C. App. 579 (2002)]

[1] By the City's first assignment of error, it contends the trial court erred in allowing defendant to file an answer after expiration of the statutory twelve-month deadline. Section 136-107 of our General Statutes states:

> Any person named in and served with a complaint and declaration of taking shall have 12 months from the date of service thereof to file answer. Failure to answer within said time shall constitute an admission that the amount deposited is just compensation and shall be a waiver of any further proceeding to determine just compensation; in such event the judge shall enter final judgment in the amount deposited and order disbursement of the money deposited to the owner. Provided, however, at *any time prior to the entry of the final judgment the judge may, for good cause shown and after notice to the plaintiff, extend the time for filing answer for 30 days*.

N.C. Gen. Stat. § 136-107 (1999) (emphasis added). Based on the plain language of the statute, we reject the City's argument that, because the twelve-month time limit had expired, the trial court had no discretion "prior to the entry of the final judgment . . . for good cause shown . . . to . . . extend the time for filing answer for 30 days."

In *City of Durham v. Woo*, 129 N.C. App. 183, 497 S.E.2d 457, *cert. denied*, 348 N.C. 496, 510 S.E.2d 380 (1998), this Court dealt with a condemnation statute, N.C. Gen. Stat. § 40A-46, that uses language identical to section 136-107 except that the time period for filing an answer is 120 days. N.C. Gen. Stat. § 40A-46 (1999). In *Woo*, the 120-day time period had expired for the defendant to file an answer, but final judgment had not yet been entered against him. *Id.* at 188, 497 S.E.2d at 461. After finding that an entry of default would be unfair, the trial court allowed the defendant a thirty-day extension from the date of its order to answer. *Id.* The *Woo* Court held that the trial court properly exercised its discretion under section 40A-46. *Id.*

Here, the trial court stated in its order that "for good cause shown" defendant should be allowed a thirty-day extension for filing an answer. Final judgment had not been entered against defendant. Accordingly, the trial court did not abuse its discretion and we reject this assignment of error.

[2] The City's second assignment of error is that the trial court abused its discretion in denying its motion for a new trial pursuant to Rule 59(a)(7) of the North Carolina Rules of Civil Procedure. The City

contends the evidence regarding valuation of the property was insufficient as a matter of law to support the jury's verdict of $530,635.55. We disagree.

It is well-established that a "trial court's decision to exercise its discretion to grant or deny a Rule 59(a)(7) motion for a new trial for insufficiency of the evidence must be based on the greater weight of the evidence as observed firsthand only by the trial court." *In re Buck*, 350 N.C. 621, 629, 516 S.E.2d 858, 863 (1999) (emphasis omitted).

Here, the evidence establishes: (1) defendant's experts appraised the property at $464,000.00 and $437,320.00; (2) the City's experts valued the land at $85,000.00 and $53,200.00; and (3) Stilwell valued the land at $580,000.00. We note that Stilwell was long familiar with the property at issue as well as its contiguous lands. His testimony was therefore properly admitted. *See City of Burlington v. Staley*, 77 N.C. App. 175, 177, 334 S.E.2d 446, 449 (1985). ("Any witness familiar with the land may testify as to his opinion of the value of the land taken and as to the contiguous lands before and after the taking.").

The jury's award of $530,635.55 is consistent with defendant's evidence. We hold that there was sufficient evidence presented to the jury by defendant's two appraisers and a non-expert witness to support its verdict. Therefore, the City's contentions that, due to the lack of evidence, the verdict is excessive, *see* N.C.R. Civ. Pro. 59(a)(6), and shows a manifest disregard by the jury of the trial court's instructions, *see* N.C.R. Civ. Pro. 59(a)(5), are also without merit. Accordingly, the trial court did not abuse its discretion in denying the City's motion for a new trial.

[3] By its third assignment of error, the City contends defendant's cross-assignments of error should be denied on both procedural and substantive grounds. Rule 10(d) of our Rules of Appellate Procedure provides that, "an appellee may cross-assign as error any action or omission by the trial court . . . which deprived the appellee of an alternative basis in law for supporting the judgment . . . from which an appeal has been taken." N.C.R. App. P. 10(d).

Defendant sets forth two cross-assignments of error: (1) the trial court erred in finding valid process of service on defendant when the City failed to use due diligence and the Secretary of State failed to mail copies to defendant; and (2) the trial court erred in disallowing certain evidence of comparable sales. The first cross-assignment of

WELLS v. CUMBERLAND CTY. HOSP. SYS., INC.

[150 N.C. App. 584 (2002)]

error concerns claims that the trial court erred in its findings of fact and conclusions of law. Those claims do not provide an alternate basis in law for supporting the judgment. *See Lewis v. Edwards*, 147 N.C. App. 39, 51, 554 S.E.2d 17, 24 (2001). The second cross-assignment of error is an evidentiary argument that also does not provide an alternate basis in law. *See Welling v. Walker*, 117 N.C. App. 445, 449, 451 S.E.2d 329, 332 (1994), *disc. review allowed*, 339 N.C. 742, 454 S.E.2d 663, *and review dismissed as improvidently granted*, 342 N.C. 411, 464 S.E.2d 43 (1995). The proper method to raise these issues would have been by cross-appeal. *Lewis*, 147 N.C. App. at 51, 554 S.E.2d at 24. Accordingly, we do not consider defendant's cross-assignments of error.

NO ERROR.

JUDGES MARTIN and HUDSON concur.