NEW HANOVER COUNTY WATER AND SEWER DISTRICT, PLAINTIFF v. JAMES RAY THOMPSON, DEFENDANT AND THIRD-PARTY PLAINTIFF v. T.A. LOVING, INC. AND DALE TODD D/B/A DALE TODD WELL DRILLING, THIRD-PARTY DEFENDANTS

No. COA08-258

(Filed 21 October 2008)

**1. Appeal and Error— preservation of issues—failure to raise issue at trial—failure to cite authority**

Although defendant contends the trial court erred in a condemnation case by awarding final judgment for plaintiff county water and sewer district even though plaintiff's relocation of the easement to accommodate another landowner was arbitrary, defendant waived this argument by failing to raise it at trial, and even if this argument was preserved for appeal, defendant failed to cite any authority to support this contention as required by N.C. R. App. P. 28(b)(6).

**2. Eminent Domain— sewer line easement—just compensation**

The trial court did not err in a condemnation case by awarding final judgment for plaintiff county water and sewer district even though defendant landowner contends that plaintiff failed to use the statutory formula under N.C.G.S. § 40A-64 and that its failure to use an appraiser to determine the amount of just compensation should preclude application of N.C.G.S. § 40A-46 to prevent defendant from contesting the amount of deposit because: (1) the statutory procedure under N.C.G.S. § 40A-64 to determine just compensation was not applicable when defendant waived the issue of just compensation by failing to file an answer within the 120-day time limit prescribed by N.C.G.S. § 40A-46; and (2) the statute directs the trial court to enter final judgment in the amount deposited after plaintiff's failure to file an answer within 120 days of service of the complaint, and this finding supports the trial court's conclusion of law that $12,000.00 was just compensation.

**3. Eminent Domain— sewer line easement—condemnation— abuse of power claim—motion for final judgment after motion to continue granted**

Plaintiff county water and sewer district did not abuse its power in a condemnation action by filing a motion for final judgment after defendant's motion to continue was granted, changing the route, refiling the complaint, serving the summons with an incorrect date, plaintiff's contact with defendant, or failure to appraise damages because: (1) defendant's only appearance in the trial court before plaintiff filed the motion for final judgment was a motion to continue filed on 13 November 2006, more than 120 days from service of the complaint; (2) plaintiff was not on notice that defendant appeared in the case until after the 120-day time limit had passed; and (3) although defendant asserted plaintiff had notice that it should not move for final judgment based on the fact that he spoke to a county employee regarding the removal of the well on his property on 21 August 2006, this dispute related to plaintiff's alleged tort damages, and the trial court granted defendant's motion to extend time to file an answer in order to raise the tort claims.

**4. Constitutional Law— substantive due process—procedural due process—just compensation**

The application of N.C.G.S. § 40A-46 in a condemnation case did not violate defendant landowner's substantive and procedural due process rights under the United States Constitution by allegedly depriving him of just compensation because: (1) defendant waived the substantive due process issue by failing to raise it at the trial court level; (2) in regard to procedural due process, defendant received ample notice and opportunity to contest the amount of just compensation; and (3) although the civil summons erroneously notified defendant he had thirty days to respond to the complaint, this error did not prejudice defendant when plaintiff did not seek a final judgment against defendant until more than 120 days from service of the complaint.

**5. Appeal and Error— preservation of issues—failure to raise issue at trial**

Although defendant contends plaintiff waived its right to enforce the purported admission of just compensation by calendaring the motion for final judgment less than fifteen days before the trial date, this assignment of error is dismissed because defendant did not raise this issue at trial.

Appeal by defendant and third-party plaintiff from judgment entered 5 December 2007 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 10 September 2008.

*Assistant County Attorney Sharon J. Huffman, for New Hanover County for plaintiff-appellee.*

*Rose Rand Attorneys, P.A., by Jason R. Page and Ennis Law Firm, P.C., by David Paul Ennis, for defendant-appellant.*

CALABRIA, Judge.

James Ray Thompson ("defendant") appeals the trial court's final judgment in New Hanover County Water and Sewer District's ("plaintiff's") condemnation action. We affirm.

Sometime prior to March 2004, plaintiff approached defendant about obtaining an easement for a sewer line along the eastern property line of a vacant lot owned by defendant. In exchange for granting the easement, plaintiff offered to provide defendant with six free sewer taps. On 30 March 2004, plaintiff sent defendant a letter asking defendant to sign the enclosed easement agreement in exchange for the sewer taps valued by plaintiff at $12,000.00.

Defendant did not sign the easement agreement. On 12 April 2004, defendant sent a letter to plaintiff listing several items plaintiff and defendant discussed that were not in the plaintiff's "packet."[1] Specifically, defendant asked plaintiff to place "all dirt that is displaced by the sewer line" on defendant's property, to have New Hanover County pay for installation of a new well on defendant's property, to provide a sewer tap at no charge for defendant's neighbor, and to waive requirements for sewer permits or charges for "whatever is built on [defendant's] property."

On 15 June 2004, New Hanover County Deputy Engineer, James S. Craig, sent defendant a letter stating:

> You have previously been notified via two letters stating New Hanover County's need for a sewer easement on your above referenced parcel of land. We have also, meet [sic] twice on your property to discuss various issues you had regarding this easement and the removal of dirt from the site. At that time we felt all

---

1. It is unclear from the record whether the "packet" referred to in defendant's April letter is the same as the easement agreement sent by the plaintiff in March.

matters had been address [sic], yet to date we have not received the signed easement. It is imperative that we receive this document in our office no later than June 30, 2004 to proceed on schedule with this project.

If I do not hear from you and/or we are unable to come to an agreement on the necessary easement, this matter will be brought before the County Commissioners, at their July 12, 2004 meeting for condemnation.

After adopting a resolution authorizing condemnation of sewer utility easements on defendant's property, plaintiff sent defendant a "Notice of Action" pursuant to N.C. Gen. Stat. § 40A-40 on 15 July 2004 by certified mail. This notice was followed by a letter dated 20 July 2004, notifying defendant that condemnation of the sewer easement was authorized and construction would begin on defendant's property on 30 August 2004. In addition, the letter notified defendant that the existing well on the property would be moved and defendant would need to coordinate with plaintiff to arrange for relocation of the well.

Plaintiff originally filed a complaint, Declaration of Taking, and Notice of Deposit on 9 September 2004 pursuant to N.C. Gen. Stat. § 40A-41. However, because plaintiff did not obtain service of process on defendant, plaintiff re-filed the complaint on 21 June 2006 ("the complaint"). In addition, plaintiff's civil summons incorrectly notified defendant that he had thirty days to respond to the Complaint, rather than 120 days allowed by N.C. Gen. Stat. § 40A-46. Defendant was properly served with the re-filed Complaint on 1 July 2006.

On 8 November 2006, the trial court administrator set a hearing date for either dismissal of the action for failure to prosecute or for default judgment. On 13 November 2006, defendant filed a motion and order for continuance stating he "[did] not know what this [was] about" and requested time to hire an attorney. On 12 December 2006, plaintiff filed a motion requesting a final judgment. On 2 February 2007, defendant filed a motion to continue requesting additional time to respond to the complaint, investigate the action, and determine tort damages to his property from the condemnation. The trial court granted defendant's motion for the purpose of determining tort damages.

On 19 February 2007, defendant filed an answer denying, *inter alia*, that $12,000.00 was just compensation for the taking ("answer").

Defendant also included in his answer counterclaims against plaintiff for inverse condemnation and negligence. On 19 April 2007, plaintiff moved to dismiss the counterclaims for failure to join T.A. Loving and Dale Todd Drilling as necessary parties. On 30 May 2007, defendant filed a motion for leave to add third-party defendants T.A. Loving and Dale Todd Drilling. The trial court granted defendant's motion to file a third-party complaint. Defendant voluntarily dismissed the counterclaims. On 5 December 2007, the trial court granted final judgment in favor of plaintiff, determining that defendant "fail[ed] to plead or appear in the time allowed by law regarding the justness of the compensation deposited." Defendant appeals.

## I. Standard of Review

The standard of review of a judgment entered on a bench trial is "whether the trial court's findings of fact are supported by competent evidence." *Terry's Floor Fashions, Inc. v. Crown Gen. Contr'rs, Inc.*, 184 N.C. App. 1, 10, 645 S.E.2d 810, 816 (2007), *review denied*, 362 N.C. 373, 664 S.E.2d 561 (2008) (citing *Hollerbach v. Hollerbach*, 90 N.C. App. 384, 387, 368 S.E.2d 413, 415 (1988)). Where there are no objections to the findings of fact, they are conclusive upon appeal and the only question is whether the findings support the conclusions of law. *In re Pierce*, 67 N.C. App. 257, 259, 312 S.E.2d 900, 902 (1984).

Here, defendant did not assign error to any of the trial court's findings of fact. Therefore, we examine whether the trial court's findings support its conclusions of law resulting in judgment for the plaintiff. *Id.*

## II. N.C. Gen. Stat. § 40A-46

Defendant argues it was "fundamentally unfair" to apply N.C. Gen. Stat. § 40A-46 because plaintiff (1) relocated the easement to accommodate another landowner; (2) failed to use the statutory formula to determine just compensation; and (3) filed a motion for final judgment after defendant filed his motion to continue. We disagree.

Chapter 40A of the General Statutes delineates the exclusive procedures to be followed by a local public condemnor. *Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 160, 394 S.E.2d 698, 700 (1990). In order to institute a condemnation action, a local public condemnor must file a complaint, declaration of taking, and deposit an amount of just compensation estimated by the condemnor. N.C. Gen. Stat. § 40A-41 (2007). N.C. Gen. Stat. § 40A-46 provides that

Any person named in and served with a complaint containing a declaration of taking shall have 120 days from the date of service thereof to file [an] answer. Failure to answer within said time shall constitute an admission that the amount deposited is just compensation and shall be a waiver of any further proceeding to determine just compensation; in such event the judge shall enter final judgment in the amount deposited and order disbursement of the money deposited to the owner. Provided, however, at any time prior to the entry of the final judgment[,] the judge may, for good cause shown and after notice to the condemnor[,] extend the time for filing [an] answer for 30 days.

N.C. Gen. Stat. § 40A-46 (2007). "When the language of a statute is plain and free from ambiguity, expressing a single definite and sensible meaning, that meaning is conclusively presumed to be the meaning which the Legislature intended, and the statute must be interpreted accordingly." *Long v. Smitherman*, 251 N.C. 682, 684, 111 S.E.2d 834, 836 (1960) (quotation omitted).

**[1]** We first address defendant's contention that plaintiff's relocation of the easement to accommodate another landowner was arbitrary. Defendant did not raise this argument at the trial court level. "A contention not raised in the trial court may not be raised for the first time on appeal." *Town of Chapel Hill*, 100 N.C. App. at 159-60, 394 S.E.2d at 700 (citation omitted). In addition, even if this argument was preserved for appeal, defendant offers no authority to support this contention. *See* N.C.R. App. P. 28(b)(6) (assignments of error for which no authority is cited will be deemed abandoned). Accordingly, we do not address this argument.

**[2]** Defendant next argues that plaintiff's failure to use the statutory formula prescribed by N.C. Gen. Stat. § 40A-64 and failure to use an appraiser to determine the amount of just compensation should preclude application of N.C. Gen. Stat. § 40A-46 to prevent defendant from contesting the amount of deposit. We disagree.

The statutory procedure set forth in N.C. Gen. Stat. § 40A-64 to determine just compensation is not applicable where defendant waived the issue of just compensation by failing to file an answer within the time limits proscribed by N.C. Gen. Stat. § 40A-46. The statute clearly provides that when a defendant fails to file an answer within 120 days of service of a complaint, he waives "any further proceeding to determine just compensation." In addition, the statute directs the trial court to enter final judgment "in the amount

deposited." The trial court found that defendant did not file an answer within 120 days of service of the complaint. This finding supports the trial court's conclusion of law that $12,000.00 was just compensation. Defendant's assignment of error is overruled.

[3] Defendant next argues that plaintiff "abused its power" by filing a motion for final judgment after defendant's motion to continue was granted. We disagree. Defendant also argues changing the route, refiling the complaint, serving the summons with an incorrect date, plaintiff's contact with the defendant, and failure to appraise damages also constitutes an abuse of power. We address these arguments in the preceding and following sections of this opinion.

In support of his argument, defendant cites *City of Durham v. Woo*, 129 N.C. App. 183, 497 S.E.2d 457 (1998). We find this case distinguishable. In *Woo*, this Court concluded it was within the trial court's discretion to set aside a default judgment against the defendants because, although defendants failed to file a formal answer with the court within 120 days, two of the defendants sent letters to the trial court responding to the complaint. *Id.* at 188, 497 S.E.2d at 461. The trial court found that the letters constituted an appearance in the condemnation proceeding and "put the City on notice that it should not have proceeded to file a motion for entry of default." *Id.* at 186, 497 S.E.2d at 460; *see also Realty Corp. v. Bd. of Transportation*, 303 N.C. 424, 430, 279 S.E.2d 826, 830 (1981) (concluding property owners' failure to answer a condemnation proceeding filed by the DOT did not subject them to an entry of default where the parties stipulated that matters concerning a related proceeding would apply to the condemnation action). In addition, one of the *Woo* defendants continued to negotiate with the plaintiff to secure an increased price for the property. *City of Durham*, 129 N.C. App. at 185, 497 S.E.2d at 459.

In the case *sub judice*, defendant's only appearance in the trial court before plaintiff filed the motion for final judgment, was a motion to continue filed on 13 November 2006, more than 120 days from service of the complaint. Unlike the defendants in *Woo*, plaintiff was not "on notice" that defendant appeared in the case until after the 120-day time limit had passed. Furthermore, the question before the *Woo* court was whether the trial court abused its discretion in setting aside the default judgment against defendant. Here, the question posed by defendant is whether plaintiff "abused its power" by moving for final judgment as permitted by N.C. Gen. Stat. § 40A-46. Defendant also asserts that because he spoke to a county employee regarding

the removal of the well on his property on 21 August 2006, this constituted notice to the plaintiff that it should not move for final judgment. However, this dispute related to plaintiff's alleged tort damages. The trial court granted defendant's motion to extend time to file an answer in order to raise the tort claims. We conclude defendant failed to show that plaintiff abused its power by proceeding to final judgment.

### III. Due Process

**[4]** Defendant next argues the application of N.C. Gen. Stat. § 40A-46 in this case violated his substantive and procedural due process rights under the United States Constitution.

### A. Substantive Due Process

Defendant contends N.C. Gen. Stat. § 40A-46, is unconstitutional because it "deprive[d] a landowner from his constitutional right to receive just compensation." Defendant did not challenge the constitutionality of N.C. Gen. Stat. § 40A-46 on substantive due process grounds at the trial court level. Constitutional issues not raised at the trial court level cannot be considered for the first time on appeal. *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001) (citations omitted); *see also Department of Transp. v. Rowe*, 353 N.C. 671, 674, 549 S.E.2d 203, 207 (2001) (concluding this Court erred in considering the constitutionality of a statute when defendant did not raise the issue at the trial court level). This assignment of error is dismissed.

### B. Procedural Due Process

Defendant also argues he was not afforded procedural due process in this case. We disagree.

"The fundamental premise of procedural due process protection is notice and the opportunity to be heard. Moreover, the opportunity to be heard must be 'at a meaningful time and in a meaningful manner.' " *Peace v. Employment Sec. Comm'n*, 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998) (internal citation omitted).

Defendant received ample notice and opportunity to contest the amount of just compensation. Defendant and plaintiff engaged in several discussions regarding the easement in 2004. These discussions included plaintiff's proposal of $12,000.00 as an amount of just compensation for the easement. Plaintiff sent defendant a letter notifying him of the amount of just compensation and advising him

of his rights under N.C. Gen. Stat. § 40A-40 on 15 July 2004. Defendant did not contest that plaintiff followed the statutory procedures provided for notifying property owners of condemnation proceedings under N.C. Gen. Stat. §§ 40A-40, -41, and -43. Defendant was served with the condemnation complaint and notice of deposit on 1 July 2006. Although the civil summons erroneously notified defendant he had thirty days to respond to the complaint, this error did not prejudice defendant. Plaintiff did not seek a final judgment against defendant until 12 December 2006, which is more than 120 days from service of the complaint.

## IV. Notice of Hearing

[5] Defendant also contends that plaintiff "waived its right to enforce the purported admission of just compensation" by calendaring the motion for final judgment less than fifteen days before the trial date. Defendant did not raise this issue before the trial court, therefore we need not address it on appeal. *See Town of Chapel Hill, supra.*

We conclude the trial court did not err in awarding final judgment for the plaintiff. The trial court's judgment is affirmed.

Affirmed.

Judges TYSON and ELMORE concur.